UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Deanna R. Olivero, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127
ehorn@aystrauss.com
dsalhanick@aystrauss.com
dolivero@aystrauss.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>Work 'N Gear, LLC,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 25-_____ (___) |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT
TO BANKRUPTCY CODE §§ 105(a) AND 366, (I) PROHIBITING UTILITY
COMPANIES FROM DISCONTINUING ALTERING OR REFUSING SERVICE ON
ACCOUNT OF PREPETITION INVOICES, (II) APPROVING THE DEBTOR'S
PROPOSED FORM OF ADEQUATE ASSURANCE OF FUTURE PAYMENT, (III)
ESTABLISHING PROCEDURES FOR RESOLVING REQUEST SFOR ADDITIONAL
<u>ADEQUATE ASSURANCE AND (IV) SCHEDULING A FINAL HEARING</u>**

Work 'N Gear, LLC, the above-captioned debtor and debtor-in-possession (the

"**Debtor**"), by and through its proposed undersigned counsel, hereby submits this motion (the

"**Motion**") seeking entry of (a) an interim order (the "**Interim Order**") pursuant to 11 U.S.C. §§

105(a) and 366, substantially in the form attached hereto as **Exhibit "A"**, and (b) a final order

(the "**Final Order**"), substantially in the form attached hereto as **Exhibit "B"**, (I) prohibiting all

utility companies (the "**Utility Companies**") from discontinuing, altering or refusing service

<div align="center">1</div>

to the Debtor on account of prepetition invoices; (II) approving the Debtor's proposed form of adequate assurance of postpetition payment to the Utility Companies, as described herein; (III) establishing procedures for resolving requests for additional or different adequate assurance of payment, and (IV) scheduling a final hearing to consider entry of the Final Order. In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 366, and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey.

## BACKGROUND

1.      On the date hereof (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

2.      The Debtor continues to manage its businesses and properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee or trustee has been appointed in this case.

3.      Debtor currently operates 35 stores in 11 states, primarily in the Northeast and Midwest. The Debtor has closed 1 store and is in the process of closing two more by July 31, 2025. The core product assortment consists of high quality, nationally recognized brands, and the

merchandise mix at each store is tailored to meet the specific needs of the local work environment. A limited selection of private label products supplements the branded assortment.

4.      Debtor currently employs approximately 154 employees, consisting of 83 full time and 71 part time employees.

5.      The Debtor's anticipated gross revenue for the fiscal year ending in January 31, 2026, is approximately $38,800,000.

6.      A more detailed description of the Debtor, its businesses, and the facts and circumstances that led the Debtor to initiate this Chapter 11 bankruptcy case is included in the First Day Declaration of Larry Nusbaum filed concurrently herewith.

**<u>RELIEF REQUESTED</u>**

1.      By this Motion, pursuant to sections 105(a) and 366 of the Bankruptcy Code, the Debtor seeks entry of (a) an Interim Order, in the form of **Exhibit "A"** attached hereto, and (b) a Final Order, in the form of **Exhibit "B"** attached hereto, (I) prohibiting the Utility Companies from discontinuing, altering or refusing service to the Debtor on account of prepetition invoices; (II) approving the Debtor's proposed form of adequate assurance of postpetition payment within the meaning of Section 366 of the Bankruptcy Code and determining that the Utility Companies have been provided with adequate assurance; (III) establishing procedures for resolving requests for additional or different adequate assurance of payment, and (IV) scheduling a final hearing to consider entry of the Final Order (the "**<u>Final Hearing</u>**").

2.      In connection with the operation of its facilities, the Debtor incurs utility expenses in the ordinary course of business for, among other things, water, sewer, electricity, gas, internet, telephone and similar utility products and services (collectively, the "**<u>Utility Services</u>**") from various Utility Companies covering a number of utility accounts. A non-exhaustive list of

3

the Utility Companies is attached hereto as **Exhibit "C"**.

3.　　Prior to the Petition Date, the Debtor would cut checks to send directly to the Utility Companies. As of the Petition Date, all utility payments are current or are in the process of being billed and received. The Debtor also maintains two months of utility deposits in the cash flow account. Utilities are in the process of being shut down for all the stores that have closed or are in the process of closing.

4.　　Uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of its reorganization.  Any interruption of Utility Services, even for a brief period of time, would negatively affect the Debtor's operations, customer relationships, revenues and profits, and seriously jeopardize the Debtor's reorganization efforts.  It is therefore critical that Utility Services continue uninterrupted during this Chapter 11 case.

5.　　Prior to the Petition Date, the Debtor spent approximately $636,373.44 annually for various Utility Services, with an average monthly cost of approximately $53,031.12.

6.　　The Debtor intends to pay postpetition obligations owed to the Utility Companies in a timely manner. To provide additional assurance of payment for future Utility Services to the Utility Companies, the Debtor proposes to deposit, within ten (10) business days following entry of the Interim Order granting this Motion, a deposit (the "**Adequate Assurance Deposit**") equal to the estimated aggregate cost for two weeks of Utility Service, calculated based upon the Debtor's previous average utility costs, provided, however, that no deposit will be made on account of any Utility Company that is holding a prepetition security deposit in an amount that is in excess of any prepetition claim plus the estimated amount of the two weeks' average utility costs.

7.　　With respect to those entities that currently hold a security deposit in an amount

in excess of its prepetition claim plus the estimated amount of two weeks' cost, each such Utility Company can continue to hold the balance of the existing deposit as adequate assurance of future payment. Based on this methodology, the amount of the Adequate Assurance Deposit will be $26,515.56. The chart attached hereto as **Exhibit "C"** reflects, among other things, the identity of each currently known Utility Company and the amount of the estimated two week deposit, less prepaid amounts (where applicable). The Adequate Assurance Deposit will be placed into a single, segregated, newly-created, interest-bearing account (the "**Adequate Assurance Deposit Account**"). The Adequate Assurance Deposit shall be held in the Adequate Assurance Deposit Account for the benefit of the Utility Companies during the pendency of this chapter 11 case.

8. The Debtor proposes to establish the Adequate Assurance Deposit Account, in accordance with the terms and conditions of the Debtor's proposed post-petition credit facility and the proposed forms of order granting this motion attached hereto, in the amount of $26,515.56, which amount is equal to the charges incurred by the Debtor for approximately two weeks of utility services from all of the Utility Companies. The Adequate Assurance Deposit Account will be established by segregating the funds into a separate account at one of the Debtor's banks to be administered in accordance with the Interim Order and the Final Order. The Adequate Assurance Deposit Account would serve as a cash security deposit to provide adequate assurance of payment for Utility Services provided to the Debtor post-petition.

9. The Adequate Assurance Deposit Account may be drawn on by a Utility Company in a manner that is substantially similar to a letter of credit. In the event the Debtor fails to timely pay for post-petition Utility Services when due in accordance with normal pre-petition invoice terms, a Utility Company would be permitted to submit a payment request (the "**Payment Request**"), substantially in the form attached hereto as **Exhibit "D"**, to the Debtor in

the amount of the due but unpaid charges for post-petition services, rounded to the nearest $100. The Payment Request only requires that the Utility Company (i) certify that the Debtor defaulted in the payment for post-petition utility services and that the post-petition amounts due on account of such utility services are outstanding and unpaid; (ii) certify that the amount requested is not and does not relate to a request for additional adequate assurance of payment, and (iii) provide wire transfer or other payment instructions, as more fully set forth in **Exhibit "D"**, and (iv) simultaneously send a copy of the Payment Request to the Debtor and its counsel.

10.     The segregated nature of the Adequate Assurance Deposit Account provides concrete assurance of the Debtor's payment and of its future obligations to the Utility Companies. Such assurance alone satisfies the requirements of section 366 for adequate assurance payments. Through the date that the Final Order is entered approving this Motion, the Adequate Assurance Deposit Account shall be maintained with a minimum balance equal to the estimated aggregate cost for two weeks of utility service, as calculated above.

11.     Given the nature of the Debtor's business, uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of the Debtor's Chapter 11 efforts.  Indeed, any disruption to the Debtor's service locations by virtue of the cessation of utility services by the Utility Companies could bring the Debtor's operations to a grinding halt. Should one or more of the Utility Companies refuse or discontinue service even for a brief period, the Debtor's operations would be severely disrupted.  Such an interruption would severely damage customer relationships, revenues and profits, and would adversely affect the Debtor's Chapter 11 efforts, to the detriment of its estate, creditors, and employees.  It is therefore critical that utility services provided to the Debtor continue uninterrupted.

**<u>PROCEDURES FOR RESOLVING REQUESTS FOR
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT</u>**

12.     The Debtor also seeks to establish reasonable procedures by which Utility

Companies may request additional adequate assurance of payment in the event that a Utility

Company believes that the Adequate Assurance Deposit does not provide them with satisfactory

adequate assurance (the "**<u>Procedures</u>**").  The Debtor proposes that the Court approve and adopt

the following Procedures:

> A.     Absent any further order of this Court and except as otherwise provided herein, the Utility Companies may not alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of this Chapter 11 case or on account of any unpaid prepetition charges, or request payment of an additional deposit or receipt of other security in connection with any unpaid prepetition charges.

> B.     The Debtor will serve the Motion and the Interim Order, if granted by the Court, via first-class mail, within two (2) business days after the date that the Interim Order is entered by the Court, on each of the Utility Companies identified on **Exhibit "C"** attached hereto.  In the event that any Utility Company was omitted from **Exhibit "C"**, the Debtor shall have the right to supplement **Exhibit "C"** and shall promptly serve the Interim Order or the Final Order, as the case may be, upon such omitted Utility Company upon learning of such Utility Company (each such Utility Company is referred to herein as a "**<u>Subsequently Identified Utility Company</u>**").

> C.     Any Utility Company that is not satisfied with the proposed Adequate Assurance Deposit and seeks additional assurance of payment must serve a request for additional assurance of future payment (an "**<u>Additional Payment Request</u>**") no later than (i) the date that is five (5) calendar days before the date of the Final Hearing, or (ii) in the case of Subsequently Identified Utility Companies, the date that is fourteen (14) days after the date such Utility Company receives notice pursuant to paragraph 17.B. hereof (in either case, such date is referred to as the "**<u>Additional Payment Request Deadline</u>**") by serving a request upon:  (i) the Debtor; and (ii) proposed counsel to the Debtor, A.Y. Strauss LLC, 290 W. Mt. Pleasant Ave, Suite 3260, Livingston, New Jersey 07039, Attention: Eric H. Horn,

Esq.

D.      Any Additional Payment Request must: (i) be in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

E.      If a Utility Company makes a timely Additional Payment Request that the Debtor believes is reasonable, the Debtor shall be authorized, in its sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Payment Request, provide such Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

F.      If the Debtor believes that a Utility Company's Additional Payment Request is not reasonable, (i) the Debtor will request that the Court hear such Additional Payment Request at the Final Hearing or, (ii) if the party making the Additional Payment Request is a Subsequently Identified Utility Company whose Additional Payment Request Deadline falls after the date of the Final Hearing, the Debtor will request a hearing before the Court at the next omnibus hearing date scheduled in this Chapter 11 case (a "**Determination Hearing**") to determine (x) if additional assurance to such Utility Company is necessary and, if so, (y) the nature and amount of the adequate assurance to such Utility Company.

G.      Pending resolution of a Utility Company's Additional Payment Request at the Final Hearing or a Determination Hearing, as the case may be, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor.

H.      If a Utility Company fails to send an Additional Payment Request by the applicable Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance

8

with § 366(c)(1)(A)(vi) by virtue of the Adequate Assurance Deposit.

I.       A Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

13.      The Debtor requests that a final hearing on this Motion be held at the Court's earliest convenience to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtor, the Debtor will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Procedures in time to avoid any potential termination of Utility Services.

## BASIS FOR RELIEF REQUESTED

14.      Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the petition date and requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty days of the petition or the utility company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples of what constitutes "assurance of payment." 11 U.S.C. § 366(c)(1). Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtors' ability to pay. *See In re Great Atl. & Pac. Tea Co., Inc.*, No. 11-cv-1338, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full") (citation omitted); *In re Caldor, Inc.—NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom.*

9

*Va. Elec. & Power Co. v. Caldor, Inc.—NY*, 117 F.3d 646 (2d Cir. 1997).

15.     When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Company will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) ("The phrase 'adequate assurance of payment' is not defined in the Code. Its meaning depends upon the facts and circumstances of each case . . .."); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002) ("That, the Court believes, is the key to the analysis—to look at the totality of the circumstances to see the extent to which utilities are subjected to unreasonable risk of payment."). In determining the level of adequate assurance, however, "a bankruptcy court must 'focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" *Va. Elec. & Power Co.*, 117 F.3d at 650 (emphasis in original) (*quoting In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected"). Accordingly, demands by a Utility Provider for a guarantee should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

16.     Here, the utility companies are adequately assured against any risk of nonpayment for future services, especially in light of the Debtors' history of paying utility bills on time and in the ordinary course. The adequate assurance deposit, coupled with the fact that the Debtor has timely paid its utility bills in the past, should provide assurance with the to the utility

companies. Moreover, termination of utility services could result in the Debtor's inability to operate their business to the detriment of all stakeholders. *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

17.        Courts are permitted to fashion reasonable procedures, such as the adequate assurance procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g., In re Circuit City Stores, Inc.*, No. 08-35653, 2009 WL 484553, at *5 (E.D. Va. Jan. 14, 2009) (stating that "[t]he plain language of § 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the Utility Order"). Such procedures are important because, without them, the Debtor "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." Circuit City, 2009 WL 484553, at *5.

18.        Moreover, notwithstanding a determination that the proposed adequate assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. *See Circuit City*, 2009 WL 484553, at *5–6. The Utility Companies still may choose, in accordance with the adequate assurance procedures, to request modification of the proposed adequate assurance. The adequate assurance procedures, however, avoid a "haphazard and chaotic process whereby each Utility Company could make an extortionate, last-minute demand for adequate assurance that would force the Debtor to pay under the threat of losing critical [U]tility [S]ervice[s]." *See Circuit City*, 2009 WL 484553, at *5.

19.        Because the adequate assurance procedures proposed herein are reasonable and

accord with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein. Indeed, similar procedures have been approved by courts in this district. See, e.g., *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 17, 2023) (approving adequate assurance deposit equal to approximately half of the debtors' monthly utility expenses on a final basis); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Feb. 25, 2021) (same); *In re Modell's Sporting Goods Inc.*, No. 20-14179 (VFP) (Bankr. D.N.J. Jun. 30, 2020) (approving adequate assurance deposit equal to two weeks of service for each company on a final basis).

20.    Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The adequate assurance procedures and the proposed adequate assurance set forth herein are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof. Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the adequate assurance procedures and the proposed adequate assurance.

**RESERVATION OF RIGHTS**

21.    Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim, or (iii) an approval or assumption of any agreement under § 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Interim Order or Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim at a later date. Finally, the relief requested herein shall not oblige the Debtor to accept any services, accept the shipment of goods, or prevent the Debtor from returning or

12

rejecting goods.

## <u>WAIVER OF BANKRUPTCY RULES 6004(h)</u>

22.     To implement the foregoing immediately, the Debtor seeks a waiver of the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## <u>NOTICE, NO PRIOR REQUEST AND WAIVER OF BRIEF</u>

23.     No trustee, examiner or creditors' committee has been appointed in this case. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to Debtor's prepetition secured lender; (c) the Debtor's twenty largest unsecured creditors; (d) the Utility Companies; and (e) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  In light of the relief requested herein, the Debtor respectfully submits that no other or further notice is required.

24.     No prior request for the relief sought herein has been made to this or to any other court.

25.     Because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtor respectfully requests that the Court waive the requirement of D.N.J. LBR 9013-1 that all motions be accompanied by a separate memorandum of law.

**WHEREFORE**, the Debtor respectfully requests that this Court:  (a) enter the Interim Order, (b) schedule a hearing to consider entry of the Final Order, and (c) grant to the Debtor such other and further relief as the Court may deem proper.

Dated: July 16, 2025

Respectfully submitted,

**A.Y. STRAUSS LLC**

*/s/ David Salhanick*
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Deanna R. Olivero, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Proposed Counsel to Debtor*
*and Debtor-in-Possession*

Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Deanna R. Olivero, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127
ehorn@aystrauss.com
dsalhanick@aystrauss.com
dolivero@aystrauss.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Work 'N Gear, LLC, | Case No. 25-_____ (___) |
| Debtor. | |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM
DISCONTINUING, ALTERING OR REFUSING SERVICE ON ACCOUNT OF
PREPETITION INVOICES, (II) DEEMING UTILITY COMPANIES TO HAVE
ADEQUATE ASSURANCE OF FUTURE PAYMENT, AND (III) ESTABLISHING
PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE
<u>PURSUANT TO BANKRUPTCY CODE §§ 105(a) AND 366</u>**

The relief set forth on the following pages, numbered two (2) through six (6) is hereby

**ORDERED**.

1

THIS MATTER having come before the Court upon the motion of Work 'N Gear, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**") for entry of an Interim Order pursuant to sections 105(a) and 366 of the Bankruptcy Code: (I) prohibiting all utility companies (the "**Utility Companies**") from discontinuing, altering or refusing service to  the Debtor on account of prepetition invoices; (II) approving the Debtor's proposed form of adequate assurance of postpetition  payment to the Utility Companies, as described herein;  (III) establishing procedures for resolving requests for additional or different adequate assurance of payment; and (IV) scheduling a final hearing (the "**Final Hearing**") (the "**Motion**");; and upon consideration of the Motion and all pleadings related thereto, including the *Declaration of Larry Nusbaum in Support of Chapter 11 Petition and First Day Motions* in support thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED as follows:

1.      Until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from discontinuing, altering or refusing service to the Debtor on account of any unpaid prepetition charges, or discriminating against the Debtor, or requiring payment of a deposit

or receipt of any other security for continued service as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices other than as set forth in the Motion.

2.     Within ten (10) business days after the date of entry of this Interim Order, the Debtor shall make an Adequate Assurance Deposit in the amount of $26,515.56 into a segregated, newly-created, interest-bearing Adequate Assurance Deposit Account.

3.     Within two (2) business days from the date hereof, the Debtor shall provide notice and a copy of this signed Interim Order and the Motion by first-class mail to the Utility Companies; provided further that for Utility Companies that may have been omitted, the Debtor shall promptly provide notice of this Interim Order upon learning of such Utility Company.

4.     A hearing to consider entry of a Final Order fixing the amount of adequate assurance to be paid to the Utility Companies shall be held on _____, 2025, at ____:_____ am/pm (ET) (the "**Final Hearing**").

5.     Notwithstanding the Final Hearing, a Utility Company may seek an earlier hearing date by filing an application for entry of an order shortening time with this Court. The Debtor reserves all rights to oppose any request for a hearing on shortened time to consider the amount of adequate assurance to be paid by the Utility Companies.

6.     Objections to the Motion (each, an "**Objection**") must be filed with the Court and served by the Utility Companies so as to be received by (i) the Court and (ii) A.Y. Strauss LLC, 290 W. Mt. Pleasant Ave, Suite 3260, Livingston, New Jersey 07039, Attention: Eric H. Horn, Esq., counsel to the Debtor, no later than on _____, 2025 at ___:____ am/pm (ET) (the "**Objection Deadline**"). In the event that no Objections are filed, the Court may grant the relief requested in the Final Order without further notice.

    a.   Absent any further order of this Court and except as otherwise provided herein, the Utility Companies may not alter, refuse or discontinue service

to, or discriminate against, the Debtor on account of the commencement of this Chapter 11 case or on account of any unpaid prepetition charges, or request payment of an additional deposit or receipt of other security in connection with any unpaid prepetition charges.

b. The Debtor will serve the Motion and the Interim Order, if  granted by the Court, via first-class mail, within two (2) business days after the date that the Interim Order is entered by the Court, on each of the Utility Companies identified on **Exhibit "C"** to the Motion.  In the event that any Utility Company was omitted from **Exhibit "C"**, the Debtor shall have the right to supplement **Exhibit "C"** and shall promptly serve the Interim Order or the Final Order, as the case may be, upon such omitted Utility Company upon learning of such Utility Company (each such Utility Company is referred to herein as a "**Subsequently Identified Utility Company**").

c. Any Utility Company that is not satisfied with the proposed Adequate Assurance Deposit and seeks additional assurance of payment must serve a request for additional assurance of future payment (an "**Additional Payment Request**") no later than (i) the date that is five (5) calendar days before the date of the Final Hearing, or (ii) in the case of Subsequently Identified Utility Companies, the date that is fourteen (14) days after the date such Utility Company receives notice pursuant to paragraph 17.B. hereof (in either case, such date is referred to as the "**Additional Payment Request Deadline**") by serving a request upon:  (i) the Debtor; and (ii) proposed counsel to the Debtor, A.Y. Strauss LLC, 290 W. Mt. Pleasant Ave, Suite 3260, Livingston, New Jersey 07039, Attention: Eric H. Horn, Esq.

d. Any Additional Payment Request must: (i) be in writing, (ii) set forth  the location  for  which  Utility Services  are  provided, (iii) include a summary  of  the  Debtor's  payment  history  relevant  to  the  affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures  set  forth  herein  does  not  constitute  satisfactory  adequate assurance  of  payment,  and  (v)  include  a  proposal  for  what  would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

e. If a Utility Company makes a timely Additional Payment Request that the Debtor believes is reasonable, the Debtor shall be authorized, in its sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Payment Request, provide such Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

4

f.  If the Debtor believes that a Utility Company's Additional Payment Request is not reasonable, (i) the Debtor will request that the Court hear such Additional Payment Request at the Final Hearing or, (ii) if the party making the Additional Payment Request is a Subsequently Identified Utility Company whose Additional Payment Request Deadline falls after the date of the Final Hearing, the Debtor will request a hearing before the Court at the next omnibus hearing date scheduled in this Chapter 11 case (a "**Determination Hearing**") to determine (x) if additional assurance to such Utility Company is necessary and, if so, (y) the nature and amount of the adequate assurance to such Utility Company.

g.  Pending resolution of a Utility Company's Additional Payment Request at the Final Hearing or a Determination Hearing, as the case may be, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor.

h.  If a Utility Company fails to send an Additional Payment Request by the applicable Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with § 366(c)(1)(A)(vi) by virtue of the Adequate Assurance Deposit.

i.  A Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

7.    The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as **Exhibit C** to the Motion to add or delete any Utility Company.

8.    If the Debtor amends the list of Utility Companies to add a Utility Company not previously included on **Exhibit C** to the Motion (an "**Additional Utility Company**"), the Debtor may supplement the Adequate Assurance Deposit by an amount equal to two (2) weeks' of services utilized by the Debtor, based on a yearly average, as adequate assurance of future performance to the Additional Utility Company.

9.    Nothing in this Interim Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code.

10.     Notice of the Motion, the Interim Order and the Objection Deadline as provided herein is good and sufficient notice of the Motion, the Interim Order and the Objection Deadline, and no further or alternative notice of the Motion, the Interim Order or the Objection Deadline need be given.

11.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     The requirement set forth in Local Rule 9013-1 that this Motion be accompanies by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Exhibit B

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</td></tr>
<tr><td colspan="2">

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Deanna R. Olivero, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127
ehorn@aystrauss.com
dsalhanick@aystrauss.com
dolivero@aystrauss.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

</td></tr>
<tr><td>

In re:

Work 'N Gear, LLC,

                    Debtor.

</td><td>

Chapter 11

Case No. 25-_____ (___)

</td></tr>
</table>

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF FUTURE PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO BANKRUPTCY CODE <u>§§ 105(a) AND 366</u>**

The relief set forth on the following pages, numbered two (2) through six (6) is hereby

**ORDERED**.

1

THIS MATTER having come before the Court upon the motion of Work 'N Gear, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**") for entry of a Final Order ("the **Final Order**") pursuant to sections 105(a) and 366 of the Bankruptcy Code: (I) prohibiting all utility companies[1] (the "**Utility Companies**") from discontinuing, altering or refusing service to the Debtor on account of prepetition invoices; (II) approving the Debtor's proposed form of adequate assurance of postpetition payment to the Utility Companies, as described herein; (III) establishing procedures for resolving requests for additional or different adequate assurance of payment (the "**Motion**"); and upon consideration of the Motion and all pleadings related thereto, including the *Declaration of Larry Nusbaum in Support of Chapter 11 Petition and First Day Motions* in support thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED as follows:

1.      The Motion is hereby granted.

2.      The Debtor shall pay all post-petition utility charges in accordance with its prepetition practices for all utility services provided by Utility Companies to the Debtor after the Petition Date.

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

2

3. Absent any further order of the Court and except as otherwise provided herein, each Utility Company is hereby prohibited from (i) discontinuing, altering, or refusing service to the Debtor on account of any unpaid prepetition charges, or (ii) requiring the payment of an additional security deposit or receipt of any other security from the Debtor in connection with any unpaid prepetition charges except as set forth herein and in the Motion.

4. In accordance with § 366(c)(3)(A) of the Bankruptcy Code and the Interim Order, the Debtor has made an Adequate Assurance Deposit into a newly-created, interest bearing Adequate Assurance Deposit Account, which amount equals the estimated aggregate cost for two (2) weeks of utility service for each Utility Company listed on **Exhibit C** to the Motion, calculated as set forth in the Motion; and said Adequate Assurance Deposit shall remain in place until the earlier of the confirmation of a plan of reorganization or further order of this Court. The Court finds the Adequate Assurance Deposit reasonable and the Adequate Assurance Deposit Account compliance with § 366 of the Bankruptcy Code.

5. The Debtor shall serve a copy of this Final Order via first-class mail on each of the Utility Companies identified on **Exhibit C** of the Motion (except as noted below) within two (2) business days after the date that the Final Order is entered by the Court, and shall promptly serve this Final Order on each Utility Company subsequently added to **Exhibit C** to the Motion.

6. The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as **Exhibit C** to the Motion to add or delete any Utility Company.

7. This Final Order applies to any Subsequently Identified Utility Company, regardless of when each Utility Company was added to the list of Utility Companies attached as **Exhibit C** to the Motion.

3

8.  The Procedures for determining requests for Additional Payment Requests lodged by Subsequently Identified Utility Companies as described in the Motion are approved on a final basis as follows:

9.  The Procedures for determining requests for additional assurance of payment as described in the Motion are approved on an interim basis as follows:

A.  In the event that any Utility Company was omitted from **Exhibit "C"**, the Debtor shall have the right to supplement **Exhibit "C"** and shall promptly serve the the Final Order, as the case may be, upon such omitted Utility Company upon learning of such Utility Company (each such Utility Company is referred to herein as a "**Subsequently Identified Utility Company**").

B.  Any Subsequently Identified Utility Company that is not satisfied with the proposed Adequate Assurance Deposit and seeks additional assurance of payment must serve a request for additional assurance of future payment (an "**Additional Payment Request**") no later than (i) the date that is five (5) calendar days before the date of the Final Hearing, or (ii) in the case of Subsequently Identified Utility Companies, the date that is fourteen (14) days after the date such Utility Company receives notice pursuant to paragraph 17.B. hereof (in either case, such date is referred to as the "**Additional Payment Request Deadline**") by serving a request upon: (i) the Debtor; and (ii) proposed counsel to the Debtor, A.Y. Strauss LLC, 290 W. Mt. Pleasant Ave, Suite 3260, Livingston, New Jersey 07039, Attention: Eric H. Horn, Esq.

C.  Any Additional Payment Request must: (i) be in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

D.  If a Subsequently Identified Utility Company makes a timely Additional Payment Request that the Debtor believes is

4

reasonable, the Debtor shall be authorized, in its sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Payment Request, provide such Subsequently Identified Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

E.     If the Debtor believes that a Subsequently Identified Utility Company's Additional Payment Request is not reasonable, the Debtor will request a hearing before the Court at the next omnibus hearing date scheduled in this Chapter 11 case (a "**Determination Hearing**") to determine (x) if additional assurance to such Utility Company is necessary and, if so, (y) the nature and amount of the adequate assurance to such Utility Company.

F.     Pending resolution of a Subsequently Identified Utility Company's Additional Payment Request at the Final Hearing or a Determination Hearing, as the case may be, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor.

G.     If a Subsequently Identified Utility Company fails to send an Additional Payment Request by the applicable Additional Payment Request Deadline, such Subsequently Identified Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with § 366(c)(1)(A)(vi) by virtue of the Adequate Assurance Deposit.

H.     A Subsequently Identified Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

10.     Nothing in the Interim Order, this Final Order, or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code.

11.     Notice of the Motion, the Interim Order, the Objection Deadline, and the Final Order as provided herein is good and sufficient notice of the Motion, the Interim Order, the

5

Objection Deadline, and the Final Order, and no further or alternative notice of the Motion, the Interim Order, the Objection Deadline or Final Order need be given.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The requirement set forth in Local Rule 9013-1 that this Motion be accompanies by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Exhibit B

| Company | Address | Account | Type |
|---|---|---|---|
| THE SIMON COMPANIES L.P (BELD Electric) | 639 GRANITE STREET, SUITE 410, BRAINTREE, MA 02184 | 00007655-06 | electric |
| THE SIMON COMPANIES L.P (BELD Electric) | 639 GRANITE STREET, SUITE 410, BRAINTREE, MA 02184 | 000105277-04 | electric |
| THE SIMON COMPANIES L.P (BELD Electric) | 639 GRANITE STREET, SUITE 410, BRAINTREE, MA 02184 | 00013213-03 | electric |
| CONSTELLATION NEW ENERGY 8007 | PO BOX 4640, CAROL STREAM, IL 60197 | 7175531 | electric |
| EVERSOURCE - ELECTRIC | PO BOX 56007, BOSTON, MA 02205-6007 | 74005890756 | electric |
| EVERSOURCE - GAS | PO BOX 56007, BOSTON, MA 02205-6007 | 73004041544 | gas |
| FEDERAL REALTY INVESTMENT TRUST | Property #500-1125, P.O. Box 8500-9320, Philadelphia, PA 19178 | N/A | water |
| CONSTELLATION NEW ENERGY - 8008 | PO BOX 4640, CAROL STREAM, IL 60197-4640 | 7185708 | electric |
| NATIONAL GRID | PO BOX 371396, PITTSBURGH, PA 15250-7396 | 16092-29013 | electric |
| TOWN OF SAUGUS | PO BOX 4157, WOBURN, MA 01888-4157 | 650540-00 | water |
| CONSTELLATION NEW ENERGY 8010 | PO BOX 4640, CAROL STREAM, IL 60197 | 6690943-3 | electric |
| CONSTELLATION NEW ENERGY 8010 | PO BOX 4640, CAROL STREAM, IL 60197 | 7168980 | electric |
| EVERSOURCE - ELECTRIC | PO BOX 56005, BOSTON, MA 02205-6005 | 72000720754 | electric |
| EVERSOURCE - GAS | PO BOX 55215, BOSTON, MA 02205-5215 | 7100 171 7421 | gas |
| CONSTELLATION NEW ENERGY 8011 | PO BOX 4640, CAROL STREAM, IL 60197 | 7190257 | electric |
| EVERSOURCE - GAS | PO BOX 56007, BOSTON MA 02205-6007 | 73003365340 | gas |
| NATIONAL GRID 8011 | PO BOX 371396, PITTSBURGH , PA 15250-7396 | 50719-45013 | electric |
| DIRECT ENERGY BUSINESS | P.O. BOX 70220, PHILADELPHIA, PA 19176-0220 | 1612762 | electric |
| SOUTHERN CONNECTICUT GAS CO | PO BOX 847819, BOSTON, MA 02284-7819 | 050-0010850-668 | gas |
| THE UNITED ILLUMINATING COMPANY | PO BOX 847818, BOSTON, MA 02284-7818 | 010-000000009-5 | electric |
| EVERSOURCE - ELECTRIC | P.O. Box 56003, BOSTON, MA 02205-6003 | 5608 811 1059 | electric |
| LIBERTY UTILITIES- NH | 75 REMITTANCE DRIVE, SUITE 1032 CHICAGO, IL 60675-1032 | 200002814537 | gas |
| LIBERTY UTILITIES- NH | 75 REMITTANCE DRIVE, SUITE 1032 CHICAGO, IL 60675-1032 | 200003097009 | gas |
| J H W CONSTRUCTION INC. | P.O. BOX 746, SHORT HILLS, NJ 07078-0746 | NA | water |
| RHODE ISLAND ENERGY 8018 ELE | PO BOX 371361, PITTSBURGH, PA 15250-7361 | 07518-99019 | electric |
| RHODE ISLAND ENERGY 8018 ELE | PO BOX 371361, PITTSBURGH, PA 15250-7361 | 91729-82052 | electric |
| RHODE ISLAND ENERGY GAS | PO BOX 371361, PITTSBURGH, PA 15250-7361 | 07518-99019 | gas |
| RHODE ISLAND ENERGY GAS | PO BOX 371361, PITTSBURGH, PA 15250-7361 | 91729-82052 | gas |
| EVERSOURCE - GAS | PO BOX 56007, BOSTON, MA 02205-6007 | 73001226619 | gas |
| SELCO | 100 MAPLE AVE, SHREWSBURY, MA 01545-5348 | 170558 | electric |

| | | | |
|---|---|---|---|
| TOWN OF SHRESBURY WATER&SEWER DIVISION | PO BOX 725, READING, MA 01867-0405 | 62012247 | water |
| CONSTELLATION NEW ENERGY 8020 | PO BOX 4640, CAROL STREA, IL 60197 | 7194969 | electric |
| EVERSOURCE | PO BOX 56007, BOSTON, MA 02205-6007 | 74002598238 | electric |
| NATIONAL GRID 8020 GAS | PO BOX 371338, PITTSBURGH, PA 15250-7338 | 03761-21005 | gas |
| The Landing at Hyannis LLC | 33 Boylston Street, Suite 3000, Chestnut Hill, MA 02467 | N/A | water |
| COMED | PO BOX 6111, CAROL STREAM, IL 60197-6111 | 1033355000 | electric |
| NICOR GAS | P.O.BOX 5407, Carol Stream, IL 60197-5407 | 84-01-98-0000 6 | gas |
| VILLAGE OF MELROSE PARK | P.O. BOX 1506, MELROSE PARK, IL 60161-1506 | 164070-002 | water |
| EVERSOURCE - ELECTRIC | PO BOX 56002, BOSTON, MA 02205-6002 | 51033118092 | electric |
| EVERSOURCE GAS | PO BOX 56004, BOSTON, MA 02205-6004 | 57303808018 | gas |
| FEDERAL REALTY INVESTMENT TRUST | LOCKBOX 9320, PO BOX 8500, PHILADELPHIA, PA 19178-9320 | N/A | water |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 3552118000 | electric |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 9516177000 | electric |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 3552118000 | gas |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 9516177000 | gas |
| ARTESIAN WATER CO. | P.O. BOX 15069, WILMINGTON, DE 19886-5069 | 2719100000 | water |
| DELMARVA POWER | PO BOX 13609, PHILADELPHIA, PA 19101 | 55002747776 | electric |
| DELMARVA POWER | PO BOX 13609, PHILADELPHIA, PA 19101 | 672747550 | electric |
| DELMARVA POWER | PO BOX 13609, PHILADELPHIA, PA 19101 | 55002747776 | gas |
| DELMARVA POWER | PO BOX 13609, PHILADELPHIA, PA 19101 | 672747550 | gas |
| FUSCO ENTERPRISES, L.P. | 200 AIRPORT ROAD, NEW CASTLE, DE 19720 | N/A | water |
| BUCKS COUNTY WATER & SEWER | PO BOX 3895, Landcaster, PA 17604 | 2024108-00 | water |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 0909840100 | electric |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 7825973000 | electric |
| PECO | 2301 MARKET ST, PHILADELPHIA, PA 19103 | 7825973000 | gas |
| BRAINTREE ELECTRIC LIGHT DEPT. | 150 POTTER ROAD, BRAINTREE, MA 02184 | 00001526-04 | electric |
| NATIONAL GRID GAS 8041 | PO BOX 371338, PITTSBURGH, PA 15250-7338 | 07962-59008 | gas |
| NRG BUSINES MARKETING | PO BOX 32179, NEW YORK, NY 10087-2179 | 726572-51075 | gas |
| DEPTFORD TOWNSHIP | DTMUA, PO BOX 5428, DEPTFORD, NJ 08096 | 622-1 | water |
| DEPTFORD TOWNSHIP | DTMUA, PO BOX 5428, DEPTFORD, NJ 08096 | 622-2 | water |
| PSEG | PO BOX 14444, NEW BRUNSWICK, NJ 08906-4444 | 6630676904 | electric |
| PSEG | PO BOX 14444, NEW BRUNSWICK, NJ 08906-4444 | 7340285008 | electric |

| | | | |
|---|---|---|---|
| LIBERTY UTILITIES-NH | 75 REMITTANCE DR, SUITE 1032,  CHICAGO IL 60675-1032 | 200003516339 | electric |
| LIBERTY UTILITIES-NH | 75 REMITTANCE DR, SUITE 1032,  CHICAGO IL 60675-1032 | 200003453723 | electric |
| TOWN OF SALEM N.H. | Municipal Office Building, 33 Geremonty Drive, Salem , NH 03079-3390 | 04424-70 | water |
| UNITIL | NORTHERN UTILITIES-NH, PO BOX 981077, BOSTON MA 02298-1010 | 4140501502 | gas |
| PASSAIC VALLEY WATER COMM | P.O. BOX 11393, NEWARK NJ 07101-4393 | 0120469032620 | water |
| PSEG | PO BOX 14444, NEW BRUNSWICK NJ 08906-4444 | 6572970302 | gas |
| PSEG | PO BOX 14444, NEW BRUNSWICK NJ 08906-4444 | 6572970302 | electric |
| EVERSOURCE | PO BOX 56007, BOSTON MA 02205-6007 | 56544831019 | electric |
| LIBERTY UTILITIES - NH | 75 REMITTANCE DRIVE, SUITE 1032, CHICAGO IL 60675-1032 | 200002514354 | gas |
| LIBERTY UTILITIES - NH | 75 REMITTANCE DRIVE, SUITE 1032, CHICAGO IL 60675-1032 | 200002814446 | gas |
| NASHUA WASTE WATER SYSTEM | PO BOX 3840, NASHUA, NH 03061-3840 | 100021460-70028 | water |
| NASHUA WASTE WATER SYSTEM | PO BOX 3840, NASHUA, NH 03061-3840 | 100021461-70028 | water |
| NASHUA WASTE WATER SYSTEM | PO BOX 3840, NASHUA, NH 03061-3840 | 100021462-70098 | water |
| PENNICHUCK WATER 8056 | PO BOX 428, NASHUA, NH 03061-0428 | 10021460-28559 | water |
| PENNICHUCK WATER 8057 | PO BOX 428, NASHUA, NH 03061-0428 | 10021461-28560 | water |
| PENNICHUCK WATER 8058 | PO BOX 428, NASHUA, NH 03061-0428 | 10021462-98321 | water |
| EVERSOURCE - GAS | PO BOX 55215, BOSTON, MA 02205-5215 | 71005397006 | gas |
| NATIONAL GRID - ELECTRIC | PO BOX 371396, PITTSBURGH, PA 15250-7396 | 02440-84026 | electric |
| NATIONAL GRID - ELECTRIC | PO BOX 371396, PITTSBURGH, PA 15250-7396 | 02461-04076 | electric |
| NATIONAL GRID - ELECTRIC | PO BOX 371396, PITTSBURGH, PA 15250-7396 | 89577-26026 | electric |
| DIRECT ENERGY BUSINESS | PO BOX 70220, PHILADELPHIA, PA 19176-0220 | 1612761 | electric |
| REALTY PRO GROUP | 222 Route 59, Suite 300, Suffern, NY 10901 | N/A | water |
| SOUTHERN CONNECTICUT GAS CO | PO BOX 847819, BOSTON, MA 02284-7819 | 050-0010850-675 | gas |
| THE UNITED ILLUMINATING CO | PO Box 847818, Boston, MA 15222 | 010-00000125-21 | electric |
| CITY OF WATERTOWN | TAX COLLECTOR, CITY OF WATERTOWN, PO BOX 850, WATERTOWN, MA, 02471 | NA | water |
| CONSTELLATION  NEW ENERGY, INC | PO BOX 4640, CAROL STREAM, IL 60197-4640 | 8711460 | electric |
| EVERSOURCE | PO BOX 56007, BOSTON, MA 02205-6007 | 74011091860 | electric |
| JCP&L | P.O. BOX 3687, AKRON, OH 44309-3687 | 100125090876 | electric |
| JCP&L | P.O. BOX 3687, AKRON, OH 44309-3687 | 100048648487 | electric |
| NJ NATURAL GAS (NJNG) | P.O.BOX 11743, NEWARK, NJ 07101-4743 | 22-0008-0843-68 | gas |

| | | | |
|---|---|---|---|
| NJ NATURAL GAS (NJNG) | P.O.BOX 11743, NEWARK, NJ 07101-4743 | 22-0017-7094-11 | gas |
| ELIZABETHTOWN GAS | PO 6031, BELLMAWR, NJ 08099 | 0598979410 | gas |
| NEW JERSEY AMERICAN WATER | BOX 371331, PITTSBURGH, PA 15250-7331 | 1018-210024646ξ | water |
| PSE&G CO 8065 | PO BOX 14444, NEW BRUNSWICK, NJ 08906-4444 | 6701198406 | electric |
| MOUNT LAUREL TWP MUA | 1201 South Church Street, Mount Laurel NJ 08054 | 97398368-1 | water |
| PSE&G CO 8069 | PO BOX 14444, NEW BRUNSWICK, NJ 08906-4444 | 6613521302 | gas |
| FREEPORT ELECTRIC | 46 N. OCEAN AVE, FREEPORT, NJ 11520-3094 | 6-0890.0004 | electric |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 19561-08009 | gas |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 31944-83007 | gas |
| ELMONT ASSOCIATES I LLC | 414 MAIN STREET, SUITE 202, PORT JEFFERSON, NY 11777 | NA | water |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 54853-64024 | gas |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 67308-97002 | gas |
| PSEG LONG ISLAND | PO BOX 9039, HICKSVILLE, NY 11802-9039 | 1071305054 | electric |
| PSEG LONG ISLAND | PO BOX 9039, HICKSVILLE, NY 11802-9039 | 1071305075 | electric |
| CONSTELLATION NEW ENERGY 8073 | PO BOX 4640, CAROL STREAM, IL 60197 | 7190256 | electric |
| EVERSOURCE - ELECTRICITY | P.O. Box 56007, BOSTON, MA 02205-6007 | 74008529955 | electric |
| NATIONAL GRID | PO BOX 371338, PITTSBURGH, PA 15250-7338 | 68473-27008 | gas |
| NRG BUSINESS MARKETING | P.O. BOX 32179, NEW YORK, NY 10087-2179 | 726572-51077 | gas |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 57211-61007 | gas |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 69658-68004 | gas |
| PSEG LONG ISLAND 8074 | PO BOX 9039, HICKSVILLE, NY 11802-9039 | 70492222544 | electric |
| PSEG LONG ISLAND 8074 | PO BOX 9039, HICKSVILLE, NY 11802-9039 | 7049222602 | electric |
| SUFFOLK COUNTY WATER AUTHORITY | PO Box 9044, Hicksville, NY 11802-9044 | 30000032185 | water |
| NATIONAL GRID | PO BOX 371382, PITTSBURGH, PA 15250-7382 | 54243-33009 | gas |
| PSEG LONG ISLAND | PO BOX 9039, HICKSVILLE, IL 11802-9039 | 9114716944 | electric |
| Westland Mall Realty LLC | PO BOX 25078, TAMPA, FL 33622 | N/A | electric |
| Westland Mall Realty LLC | PO BOX 25078, TAMPA, FL 33622 | N/A | gas |
| Westland Mall Realty LLC | PO BOX 25078, TAMPA, FL 33622 | N/A | water |
| CITY OF DEARBORN | P.O. BOX 4000, DEARBORN, MI 48126-0490 | 625284-001 | water |
| DTE ENERGY 8095 | PO BOX 740786, CINCINNATI, OH 45274-0786 | 910022185227 | gas |
| CONSTELLATION NEW ENERGY 8406 | PO BOX 4640, CAROL STREAM, IL 60197 | 7179741 | electric |
| EVERSOURCE - ELECTRIC | PO BOX 56007, BOSTON, MA 02205-6007 | 74002726433 | electric |
| EVERSOURCE - GAS | P.O. Box 56007, BOSTON, MA 02205-6007 | 73002094347 | gas |

| | | | |
|---|---|---|---|
| NRG BUSINESS MARKETING | PO BOX 32179, NEW YORK, NY 10087-2179 | 726572-51078 | gas |
| SOUNDWATER DARTMOUTH LLC | c/o Berkshire Bank, c/o Berkshire Bank, WORCESTER, MA 01613-0185 | N/A | water |
| EVERSOURCE - GAS | PO BOX 55215, BOSTON, MA 02205-5215 | 71000301565 | gas |
| NATIONAL GRID | PO BOX 371396, PITTSBURGH, PA 15250-7396 | 21509-88017 | electric |
| NATIONAL GRID | PO BOX 371396, PITTSBURGH, PA 15250-7396 | 85904-26018 | electric |
| 109TH STREET TAUNTON RMR LLC | 555 PLEASANT STREET, #201, ATTLEBORO, MA 02703 | N/A | electric |
| EVERSOURCE | PO BOX 55215, BOSTON, MA 02205-5215 | 71001904326 | gas |
| TAUNTON WATER DIVSION | PO BOX 4160, WOBURN, MA 01888-4160 | 16599 | water |
| STAR-WEST GREAT NORTHERN MALL, LLC | PO BOX 856553, Dept. 6145, Minneapolis, MN 55485-6553 | N/A | water |
| THE ILLUMINATING COMPANY | P.O. BOX 3687, AKRON, OH 44309-3687 | 110062608150 | electric |