| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>*Caption in Compliance with D.N.J. LBR 9004-2*<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax  (973) 533-0127<br><br>*Counsel to the Debtor and*<br>*Debtor in Possession* | |
| In re:<br><br>Work 'N Gear, LLC,<br><br>                                Debtor. | Chapter 11<br><br>Case No. 25-17472 (MEH) |

**NOTICE OF DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTOR TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDON PERSONAL PROPERTY, <u>EFFECTIVE AS OF THE REJECTION DATE</u>**

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***") filed the above-referenced motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of New Jersey and shall be filed with the Court electronically by

1

registered users of the Court's case filing system, and by all other parties in interest, on a compact disc or flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format) with a hard copy delivered to the chambers of the Honorable Mark E. Hall and shall be served so as to be actually received by no later than **November 6, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "*Objection Deadline*") by the following: A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider such Motion and any objections related thereto will be held (in the event of any such objections or responses) before the Honorable Mark E. Hall of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, N.J. 08608 on **November 13, 2025 at 10:00 a.m. (prevailing Eastern Time).**

Dated: October 21, 2025

                                         **A.Y. STRAUSS LLC**

                                           */s/ Eric H. Horn*
                                           Eric H. Horn, Esq.
                                           David S. Salhanick, Esq.
                                           290 West Mount Pleasant Avenue, Suite 3260
                                           Livingston, New Jersey 07039
                                           Tel. (973) 287-0966
                                           Fax  (973) 533-0127

                                           *Counsel to Debtor and*
                                           *Debtor-in-Possession*

| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-2* |
| **A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax  (973) 533-0127<br><br>*Counsel to the Debtor<br>and Debtor in Possession* |

| | |
|---|---|
| In re:<br><br>Work 'N Gear, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 25-17472 (MEH) |

**DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTOR TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDON PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE**

The debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11case (the "***Chapter 11 Case***") hereby submits this motion (this "***Motion***") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), authorizing, but not directing, the Debtor to (i) reject those certain unexpired leases of nonresidential real property (collectively, the "***Rejected Leases***") set forth on **Exhibit 1** to the Proposed Order, effective as October 31, 2025 (the

1

"***Rejection Date***"), and (ii) abandon, effective as the Rejection Date, any personal property of the Debtor, including, but not limited to, furniture, fixtures, and equipment (collectively, the "***Personal Property***") that remains, as of the Rejection Date, on any of the premises (collectively, the "***Premises***") subject to the Rejected Leases. In support of this Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "***Court***") has jurisdiction over this Chapter 11 Case over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

## BACKGROUND

**I.    General Background**

4. On July 16, 2025 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "***Chapter 11 Case***") in this Court.

5. The Debtor continues to manage its property as a debtor in possession pursuant to

2

sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

6. By order dated August 12, 2025 [Docket No. 61], an official committee of unsecured creditors (the "**Committee**") was appointed.

7. The Debtor is a privately owned company, with 100% of its membership interests held by WNG Inc. WNG Inc. is wholly owned by its sole shareholder, Anthony DiPaolo. Mr. DiPaolo also serves as Debtor's Chief Executive Officer. Debtor does not operate any subsidiary or affiliate companies.

8. The Debtor is a retail seller of workplace apparel and footwear. Debtor offers over two-hundred and fifty (250) different brands for sale, including its own private label brands, making Debtor a "one-stop shop" for all workwear apparel and footwear needs. Debtor's wide assortment of workwear, scrubs, footwear, and accessories provides consumers with an opportunity to purchase all their workwear needs in a single location, which in unique to the workplace apparel market.

**II.    The Leases**

9. By this Motion, the Debtor seeks to reject the Rejected Leases, which include the leases and associated subleases for the following Premises:

    a.    East Haven, CT Store – located at 52 Frontage Rd, East Haven, CT 06512. This lease ended, but it is on the list out of an abundance of caution.

    b.    Bristol, CT Store – located at 647 Farmington Ave, Bristol, CT 06010.

    c.    Wilmington, DE Store – located at 3839 Kirkwood Hwy, Wilmington, DE 19808.

      d.      Mount Laurel, NJ Store – located at 1190 Nixon Dr., Mt. Laurel Township, NJ 08054.

      e.      Dorchester, MA Store – located at 757 Gallivan Blvd, Dorchester, MA 02122.

      f.      Lindenhurst, NY Store – located at 150 W Sunrise Hwy, Lindenhurst, NY 11757.

      g.      Westland, MI Store – located at 35000 W Warren Rd, Westland, MI 48185. This lease ended as was on a month to month. Included on rejection list out of an abundance of caution.

      h.      Dearborn, MI Store – located at 16351 Ford Rd suite c-112, Dearborn, MI 48126.

      i.      North Olmsted, OH Store – located at 4954 Great Northern Blvd, North Olmsted, OH 44070. This lease ended / terminated. Included on rejection list out of an abundance of caution.

      j.      Hyannis, MA Store – located at 790 Lyannough Road, Suite 2, Hyannis, MA 02601. This lease ended / terminated. Included on rejection list out of an abundance of caution.

10.    The Debtor is no longer using and / or have a need for the Rejected Leases. As a result, the Rejected Leases and any Personal Property remaining at the foregoing properties have no value or benefit to the estate.

11.    Accordingly, the Debtor has determined, in its business judgment, to reject the Rejected Leases and abandon any remaining Personal Property, effective as of the Rejection Date, so as to avoid the incurrence of continued rental obligations related to the Rejected Leases or the Premises.

## **RELIEF REQUESTED**

12.    By this Motion, the Debtor seeks to reject the Rejected Leases as of the Rejection Date. The Debtor has determined that the Rejected Leases have no value to the estate and, in fact, unless rejected as of the Rejection Date, will impose a significant and unnecessary drain on the Debtor's cash. In addition, the Debtor seek to abandon, effective as of the Rejection Date,

any Personal Property that remains on any of the Premises. The Debtor respectfully submits that this related relief is necessary and appropriate.

**BASIS FOR RELIEF**

I. **Rejection of the Rejected Leases, Effective as of the Rejection Date, Reflects the Debtor's Sound Business Judgment.**

13. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

14. The standard applied to determining whether the rejection of an unexpired lease should be authorized is the "business judgment" standard. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also In re HQ Global Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

5

15. The business-judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor in possession's business judgment to reject a lease. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

16. Upon finding that the Debtor has exercised its sound business judgment in determining that rejection of the Rejected Leases is in the best interests of the Debtor and its estate, the Court should approve the proposed rejections under section 365(a) of the Bankruptcy Code. *See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. *See, e.g., Sharon Steel Corp.*, 872 F.2d at 39–40.

17. As noted above, the Debtor has determined that the Rejected Leases have no value to the estate. Indeed, the Debtor does not or no longer need to occupy the Premises. As such, the Rejected Leases are financially burdensome and unnecessary to the administration of the Debtor's estate. Finally, the Debtor believes that the Rejected Leases have no independent

6

value outside of the Debtor's business. Even if such value did exist, that the cost savings associated with rejecting the leases far outweighs any benefit that could be realized by assuming or marketing the Rejected Leases.

18. To avoid paying any unnecessary expenses related to the Rejected Leases, the Debtor seeks to reject the Rejected Leases, effective as of the Rejection Date. The Court has routinely authorized a debtor's retroactive rejection of unexpired leases. *See In re DBSI, Inc.*, 409 B.R. 720, 734 n.4 (Bankr. D. Del. 2009) ("Under appropriate circumstances, [a] Court may enter a lease rejection order with an effective date earlier than the date the order is entered."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection *nunc pro tunc* permitted to the date of the motion or the date the premises surrendered).

19. For the foregoing reasons, the Debtor respectfully submits that its rejection of the Rejected Leases under section 365(a) of the Bankruptcy Code, effective as of the Rejection Date, is a sound exercise of its business judgment and is necessary, prudent, and in the best interests of the Debtor, its estate, and its creditors.

**II.  Authorizing the Debtor to Abandon Any Personal Property Remaining at the Premises as of the Rejection Date is Appropriate.**

20. In the event that any Personal Property remains on any of the Premises as of the Rejection Date, the Debtor requests authority to abandon that Personal Property, pursuant to section 554(a) of the Bankruptcy Code, with such abandonment being effective as of the Rejection Date.

21. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of

7

inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant in this case.

22. The Debtor submits that any abandoned Personal Property is of inconsequential value or burdensome to the Debtor's estate to remove. Among other things, the Debtor believes that the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs any recovery that the Debtor and its estate could reasonably hope to attain for such Personal Property. The Debtor has determined, in its business judgment, that the abandonment of any such Personal Property, effective as of the Rejection Date, is a sound exercise of its business judgment, and is necessary, prudent, and in the best interests of the Debtor, its estate, and creditors.

### RESERVATION OF RIGHTS

23. Nothing contained herein should be construed as a waiver of any of the Debtor's rights, defenses, or counterclaims with respect to any of the Rejected Leases. Nor does anything contained herein constitute an acknowledgement that a particular Rejected Lease constitutes an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof.

### NOTICE

24. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Debtor's DIP Lender; (c) counsel to the Committee, (d) the counterparties to the Rejected Leases; and (e) any party that has requested notice pursuant to Bankruptcy Rule

2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 21, 2025

>Respectfully submitted,
>
>**A.Y. STRAUSS LLC**
>
>By: ___/s/ Eric H. Horn___
>Eric H. Horn, Esq.
>David S. Salhanick, Esq.
>290 West Mount Pleasant Avenue, Suite 3260
>Livingston, New Jersey 07039
>Tel. (973) 287-0966
>Fax  (973) 533-0127
>
>*Counsel to the Debtor*
>*and Debtor in Possession*

**Exhibit A**

**Proposed Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-2* | |
| **A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax (973) 533-0127<br><br>*Counsel to the Debtor<br>and Debtor in Possession* | |
| In re:<br><br>Work 'N Gear, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 25-17472 (MEH) |

**FIRST OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTOR TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDON <u>PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE</u>**

  The relief set forth on the following pages numbered two (2) through four (4) is hereby

**ORDERED**

Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Rejection of Non-Residential Real Estate Leases and Abandonment of Property*

---

Upon the motion (the "***Motion***")[1] of the Debtor for the entry of an order, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, authorizing the Debtor to (i) reject the Rejected Leases set forth on **Exhibit 1** to this Order, effective as of May 30, 2023 (the "***Rejection Date***"), and (ii) abandon, effective as of the Rejection Date, any Personal Property that remains, as of the Rejection Date, on any of the Premises subject to the Rejected Leases; and upon consideration of the record of this Chapter 11 Case; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this Chapter 11 Case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases, to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtor, with such

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

Case 25-17472-MEH    Doc 148    Filed 10/21/25    Entered 10/21/25 09:08:20    Desc Main
Document    Page 15 of 18

Page:       3 of 4
Debtor:     Work 'N Gear, LLC
Case No.:   25-17472 (MEH)
Caption:    *Order Approving Rejection of Non-Residential Real Estate Leases and Abandonment of Property*

rejection being effective as of the Rejection Date.

3.  Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Rejection Date, on any of the Premises is hereby abandoned by the Debtor, with such abandonment being effective as of the Rejection Date. Counterparties to the Rejected Leases may dispose of any and all abandoned Personal Property remaining on the Premises without further notice or liability to any third party, and such abandonment shall be without prejudice to any Counterparty's right to assert any claim based on such abandonment and without prejudice to the Debtor or any other party in interest to object thereto.

4.  If the Debtor has deposited monies with a Counterparty to a Rejected Lease set forth on **Exhibit 1** hereto as a security deposit or other arrangement, such Counterparty may not setoff or recoup or otherwise use such deposit absent further order of this Court.

5.  Any person or entity that holds a claim that arises from the Rejected Leases must file a proof of claim in accordance with the order entered by the Court on October 2, 2025 [Docket No. 129] establishing deadlines by which holders of claims against the Debtor are required to file proofs of claim in the Debtor's Chapter 11 Case.

6.  Nothing in this Order shall impair, prejudice, waive, or otherwise affect any rights of the Debtor or its estate to assert that any claims for damages arising from the Debtor's rejection of the Rejected Leases are limited to any remedies available under any applicable termination provisions of such Rejected Leases, or that any such claims are obligations of a third party, and not those of the Debtor or its estate.

7.  The rights of the Debtor and its estate to assert that the Rejected Leases rejected

Case 25-17472-MEH    Doc 148    Filed 10/21/25    Entered 10/21/25 09:08:20    Desc Main
Document    Page 16 of 18

Page: 4 of 4
Debtor: Work 'N Gear, LLC
Case No.: 25-17472 (MEH)
Caption: *Order Approving Rejection of Non-Residential Real Estate Leases and Abandonment of Property*

---

hereby expired by their own terms or were terminated prior to the date hereof are fully preserved, and the Debtor and its estate do not waive any claims that they may have against the counterparties to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases.

8. Nothing contained in the Motion or this Order is or should be construed as: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim would constitute an allowed claim.

9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. The requirements in Bankruptcy Rule 6006 and 6007 are satisfied.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### **EXHIBIT 1 – TO PROPOSED ORDER**

**[Rejected Leases]**

| Debtor | Counterparty Name | Counterparty Address | Premises Address |
|---|---|---|---|
| Work 'N Gear, LLC | Frontage Road Company | 1211 Chapel Street<br>New Haven, CT 06511 | 52 Frontage Road<br>East Haven, CT 06512 |
| Work 'N Gear, LLC | Federal Realty Investment Trust | Lockbox 9320<br>PO Box 8500<br>Philadelphia, PA 19178 | 647 Farmington Ave.<br>Bristol, CT 06010 |
| Work 'N Gear, LLC | Fusco Enterprises, LP | 200 Airport Road<br>New Castle, DE 19720 | 3839 Kirkwood Hwy.<br>Wilmington, DE 19808 |
| Work 'N Gear, LLC | Eastgate EGS | M&J Wilkow Properties, LLC<br>20 S. Clark Street, Suite 3000<br>Chicago, IL 60603 | 1190 Nixon Dr.<br>Mt. Laurel Township, NJ 08054 |
| Work 'N Gear, LLC | Stop & Shop Companies | PO Box 3797<br>Boston, MA 02241 | 757 Gallivan Blvd.<br>Dorchester, MA 02122 |
| Work 'N Gear, LLC | Linden Commons Holding Corp. | 227 Edgewood Ave.<br>Smithtown, NY 11787 | 150 W Sunrise Hwy.<br>Lindenhurst, NY 11757 |
| Work 'N Gear, LLC | Westland Mall Realty LLC | 35000 W Warren Rd.<br>Westland, MI 48185 | 35000 W Warren Rd.<br>Westland, MI 48185 |

| Debtor | Counterparty Name | Counterparty Address | Premises Address |
| --- | --- | --- | --- |
| Work 'N Gear, LLC | Fairlane Meadows Rollup LLC | 3410 Belle Chase Way, STE 600 Lansing, MI 48911 | 16351 Ford Rd suite c-112, Dearborn, MI 48126 |
| Work 'N Gear, LLC | Star-West Great Northern Mall, LLC | 4954 Great Northern Blvd North Olmsted, OH 44070 | 4954 Great Northern Blvd. North Olmsted, OH 44070 |
| Work 'N Gear, LLC | Capetown Plaza LLC | PO Box 845416 Boston, MA 02284 | 790 Lyannough Road, STE 2 Hyannis, MA 02601 |