<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor in Possession*

</td></tr>
</table>

| | |
|---|---|
| In re: | Chapter 11 |
| Work 'N Gear, LLC, | |
| Debtor. | Case No. 25-17472 (MEH) |

## NOTICE OF DEBTOR'S DEBTOR'S FIRST OMNIBUS MOTION TO (I) ASSUME CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***") filed the above-referenced motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of New Jersey and shall be filed with the Court electronically by registered users of the Court's case filing system, and by all other parties in interest, on a compact

1

disc or flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format) with a hard copy delivered to the chambers of the Honorable Mark E. Hall and shall be served so as to be actually received by no later than **November 6, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "*Objection Deadline*") by the following: A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq.

PLEASE TAKE FURTHER NOTICE that a hearing to consider such Motion and any objections related thereto will be held (in the event of any such objections or responses) before the Honorable Mark E. Hall of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, N.J. 08608 on **November 13, 2025 at 10:00 a.m. (prevailing Eastern Time).**

Dated: October 22, 2025

<div style="margin-left:40%">

**A.Y. STRAUSS LLC**

*/s/ Eric H. Horn*
Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to Debtor and*
*Debtor-in-Possession*

</div>

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Work 'N Gear, LLC, | Case No. 25-17472 (MEH) |
| Debtor. | |

## DEBTOR'S OMNIBUS MOTION TO (I) ASSUME CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND (II) GRANTING RELATED RELIEF

The debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (the "***Chapter 11 Case***") hereby submits this motion (this "***Motion***") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), pursuant to sections 105(a), 365(a), 365(d)(4), and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), authorizing the assumption of the unexpired non-residential real property leases (collectively,  the  "***Leases***") set forth on **Exhibit 1** to the Proposed Order, and respectfully states as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of New Jersey (the "***Court***") has jurisdiction over this Chapter 11 Case over this Motion pursuant to 28 U.S.C. §§

157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of

the United States District Court for the District of New Jersey, entered on July 23, 1984, and

amended on September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections

105(a), 365(a), 365(d)(4), and 363 of the Bankruptcy Code, and Rule 6006(f) of the Federal

Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

<u>**BACKGROUND**</u>

**I.      General Background**

4.      On July 16, 2025 (the "***Petition Date***"), the Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter

11 case (the "***Chapter 11 Case***") in this Court.

5.      The Debtor continues to manage its property as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed

in the Chapter 11 Case.

6.      By order dated August 12, 2025 [Docket No. 61], an official committee of

unsecured creditors (the "***Committee***") was appointed.

7.      The Debtor is a privately owned company, with 100% of its membership interests

held by WNG Inc.  WNG Inc. is wholly owned by its sole shareholder, Anthony DiPaolo.  Mr.

DiPaolo also serves as Debtor's Chief Executive Officer.  Debtor does not operate any subsidiary

or affiliate companies.

8.      The Debtor is a retail seller of workplace apparel and footwear.  Debtor offers over two-hundred and fifty (250) different brands for sale, including its own private label brands, making Debtor a "one-stop shop" for all workwear apparel and footwear needs.  Debtor's wide assortment of workwear, scrubs, footwear, and accessories provides consumers with an opportunity to purchase all their workwear needs in a single location, which in unique to the workplace apparel market.

**II.    The Leases**

9.      The Debtor operates its business out of various brick and mortar store locations (and one office and one warehouse). Each of the locations are subject to a Lease.  The Leases that Debtor seeks to assume relate to those locations (non-residential real property) that are profitable and / or critical to the Debtor's business operations going forward and restructuring efforts.

<div align="center">

**RELIEF REQUESTED**

</div>

10.     The Debtor seeks entry of the Proposed Order pursuant to section 365(d)(4) of the Bankruptcy Code substantially in the form attached hereto as **Exhibit A** authorizing the Debtor to assume the Leases, set forth in **Exhibit 1** to **Exhibit A**.

<div align="center">

**BASIS FOR RELIEF**

</div>

**I.    Assumption of the Leases Reflects a Sound Exercise of the Debtor's Reasonable Business Judgment.**

11.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The decision to assume or reject an executory contract

or unexpired lease is a matter within the debtor's "business judgment." *See NLRB. v. Bildisco &*

*Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd* 465 U.S. 513, 104 S. Ct. 1188, 79

L. Ed. 2d 482 (1984) ("The usual test for rejection of an executory contract is simply whether

rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re*

*Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("As applied in the Third Circuit, a

court should approve a debtor's use of assets outside the ordinary course of business if the debtor

can demonstrate a sound business justification for the proposed transaction.").  Under the business

judgment standard, a court should approve a debtor's business decision unless the decision is the

product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121

(Bankr. D. Del. 2001) (citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13

B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court

approval of a debtor's decision to assume or reject an executory contract "should be granted as a

matter of course").

12.     Assumption of the Leases as set forth herein are critical to the Debtor's business

operations. Indeed, the stores operating in each of the locations Leases are profitable and critical to the Indeed,

the stores operating in each of the locations subject to the Leases are profitable and critical to the Debtor's

business. Additionally, each of the store locations subject to the Leases are in strong markets and the sales

conducted at the locations are necessary to Debtor's ongoing restructuring efforts.  Accordingly, the

Debtor submits that the assumption of the Leases as set forth herein is critical to the Debtor's

estate and reflects a sound exercise of the Debtor's business judgment.

**II.     Assumption of the Leases Complies with Section 365 of the Bankruptcy Code.**

13.     Upon finding that a debtor has exercised its business judgment in determining that

assuming an executory contract is in the best interest of its estate, courts must then evaluate

whether the assumption meets the requirements of section 365(b) of the Bankruptcy Code: (a) that

a debtor cure, or provide adequate assurance of promptly curing, prepetition defaults in the

executory contract; and (b) provide adequate assurance of future performance thereunder.

*See* 11 U.S.C. § 365(b).

14.     Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtor evaluated

potential payments necessary to cure any applicable defaults under the Leases.  **Exhibit 1** to the

Proposed Order identifies the Leases which the Debtor seeks to assume and identifies the dollar

amount, if any, that the Debtor asserts is necessary to be paid to cure all defaults, if any, under its

unexpired leases based on the Debtor's books and records and discussions / agreements with the

majority of the Lease counterparties (the "***Cure Amounts***"). In connection with assumption of the

Leases, the Debtor will pay the Cure Amounts, if any, or provide adequate assurance of future

performance, as applicable.

15.     Accordingly, the Debtor submits that the statutory requirements of section

365(b)(1)(a) of the Bankruptcy Code are satisfied.

**III.     The Lease Counterparties Will Be Adequately Assured of Future Performance.**

16.     The Debtor submits that the second requirement of section 365(b)(1)(C) of the

Bankruptcy Code – adequate assurance of future performance – will be satisfied with respect to

the Leases. The phrase "adequate assurance of future performance" is to be "given a practical,

pragmatic construction determined by consideration of the facts of the proposed assumption."

*In re Fleming Cos., Inc.*, 499 F.3d 300, 307 (3d Cir. 2007). Although no single solution will satisfy

the threshold of "adequateness" in every case, the required assurance will fall considerably short

of an absolute guarantee of performance. *See In re Prime Motor Inns Inc.*, 166 B.R. 993, 997

(Bankr. S.D. Fla. 1994).

17.     The Debtor submits that the combination of (i) proceeds from the DIP financing facility, and (ii) cash proceeds generated from store sales are sufficient to provide adequate assurance of performance of its obligations under the Leases to the counterparties to the Leases.

## REQUIREMENTS UNDER BANKRUPTCY RULE 6006

18.     Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume multiple unexpired leases in one motion if permitted under subdivision (e). *See* Fed. R. Bankr. P. 6006(f). Specifically, Bankruptcy Rule 6006(f) requires that a motion to assume multiple executory contracts or unexpired leases, among other things:

   (a)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

   (b)     list parties alphabetically and identify the corresponding contract or lease;

   (c)     specify the terms, including the curing of defaults, for each requested assumption or assignment;

   (d)     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

   (e)     be limited to no more than 100 executory contracts or unexpired leases.

19.     Pursuant to this motion, the Debtor has complied with the requirements of Bankruptcy Rule 6006(f).

## <u>RESERVATION OF RIGHTS</u>

20.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtor pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any claim on any grounds;

(c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

21.      Additionally, should the Debtor implement a sale process with regard to its assets at a later date, the Debtor reserves the right to assign such Leases to a purchaser irrespective of any anti-assignment language set forth in any of the Leases.

22.      Moreover, the Debtor reserves the right to: (i) amend **Exhibit 1** to **Exhibit A** at any time prior to the hearing; (i)i adjourn the determination with regard to specific Leases at any time prior to the Court's hearing to consider the relief requested by this motion; and (iii) seek authority to reject any of the Leases prior to entry of an order of the Court approving assumption of the Leases.

**NOTICE**

23.      Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Debtor's DIP Lender; (c) counsel to the Committee, (d) the counterparties to the Leases; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## <u>NO PRIOR REQUEST</u>

24.     No prior request for the relief sought herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) authorizing the Debtor to assume the Leases, to the extent they are subject to section 365 of the Bankruptcy Code and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  October 22, 2025

Respectfully submitted,

**A.Y. STRAUSS LLC**

By: ___*/s/ Eric H. Horn*_____
Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

**<u>Exhibit A</u>**

**[Proposed Order]**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-2* | |
| **A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax  (973) 533-0127<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* | |
| In re:<br><br>Work 'N Gear, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 25-17472 (MEH) |

### DEBTOR'S OMNIBUS MOTION TO (I) ASSUME CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages numbered two (2) through four (4) is hereby

**ORDERED**

Page:        of 4
Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Assumption of Non-Residential Real Property Leases*

---

Upon the motion (the "***Motion***")[1] of the above-captioned debtor and debtor in possession (the "***Debtor***") for entry of an order (this "***Order***"): (a) authorizing the Debtor to assume certain unexpired non-residential real property leases, set forth in **Exhibit 1** attached hereto (collectively, the "***Leases***"); and (b) granting related relief as more fully set forth in the Motion; and upon consideration of the record of this Chapter 11 Case; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this Chapter 11 Case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized to assume the Leases identified on **Exhibit 1** attached hereto.

3.      The Debtor has demonstrated adequate assurance of future performance and have

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Page:        of 4
Debtor:     Work 'N Gear, LLC
Case No.:   25-17472 (MEH)
Caption:    *Order Approving Assumption of Non-Residential Real Property Leases*

---

satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code.

4.      The Debtor will promptly pay the Cure Amounts identified on **Exhibit 1** attached hereto.

5.      Notwithstanding anything herein to the contrary, assumption of the Leases shall be effective notwithstanding any dispute over cure costs. Any disputed cure costs will be paid promptly after the earlier of (a) the date on which Debtor and the Lease counterparty agree to an amount or (b) the date specified in a final and non-appealable order entered by this Court determining such amount.

6.      Upon the entry of this Order, the Lease counterparties set forth on **Exhibit 1** attached hereto shall be forever barred and enjoined from asserting against the Debtor any defaults, claims, interest, or other default penalties under the Leases arising before the date of this Order.

7.      Nothing contained herein is intended, or should be construed, as: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; or (e) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

8.      The Debtor may, at a later date, assign each Lease in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Lease that prohibit or condition the assignment of such Lease or allow the party to such Lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of

Page:        of 4
Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Assumption of Non-Residential Real Property Leases*

---

such Lease, constitute unenforceable anti-assignment provisions which are void and of no force and effect.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.    This Order shall be deemed to constitute a separate order with respect to each contract and lease governed hereby.

11.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1 to Order</u>**

**[Leases to be Assumed**

| Landlord | Landlord Address | Store or Office Address | Cure |
|---|---|---|---|
| 1900 R70 ASSOCIATES, LLC | C/O STEINER EQUITIES LLC 75 EISENHOWER PARKWAY ROSELAND NJ 07068 Attn: Doug Steiner | 1900 NJ-70 #220, Lakewood, NJ 08701 | $0.00 |
| AGREE SHELF PA, LLC | PO BOX 645308 PITTSBURGH PA 15264-53008 Attn: Edward A. Eickhoff | 80 N MacDade Blvd, Glenolden, PA 19036 | $0.00 |
| AMALGAMATED FINANCIAL GROUP VIII, L.P | 1414 ATWOOD AVENUE JOHNSTON, NJ 02919 | 287 Washington St S, Attleboro, MA 02703 | $0.00 |
| BRIXMOR GA WILLOW SPRINGS PLAZA LLC | c/o Brixmore Property Group PO BOX 645341 Cincinnati OH 45264-5341 Attn: Sam Kallmerten | 292 Daniel Webster Hwy Nashua, NH 03060 | $0.00 |
| CEA BROMFIELD, LLC | C/O CEA Group INC., 1105 Massachusetts Ave, Ste2-F, CAMBRIDGE MA 02138 Attn: Keith Cantwell | 1111 S Willow St Manchester, NH 03103 | $0.00 |
| CITGO PETROLEUM CORPORATION | Department #510 TULSA OK 74182 Attn: Jack Rackleff | 355 Quincy Ave E. Braintree, MA 02184 | $0.00 |
| ELMONT ASSOCIATES | 414 MAIN STREET SUITE 202 PORT JEFFERSON. NY 11777 Attn: Anthony Gitto | 1393 Hempstead Turnpike. Elmont, NY 11003 | $0.00 |

| Landlord | Landlord Address | Store or Office Address | Cure |
|---|---|---|---|
| FEDERAL REALTY | P.O. Box 8500-9320 Philadelphia PA 19178 Attn: Liz Ryan | 745 Providence Hwy. Dedham, MA 02026 | $0.00 |
| FEDERAL REALTY INVESTMENT TRUST | Levin Management Corporation P.O. BOX 326 PLAINFIELD NJ 07061 Attn: Vanessa Fernandez | 1006 US-46 Clifton, NJ 07013 | $0.00 |
| FREEPORT SUNRISE HENRY, LLC | C/O METRORIPCO PO BOX 440 JERICHO NY 11753 Attn: Michael Korff | 34 E Sunrise Hwy. Freeport, NY 11520 | $0.00 |
| H & P REALTY | 38 BRUSHWOOD ROAD STAMFORD CT 06903 Attn:Hilary Nuger | 218 Memorial Ave W. West Springfield, MA 01089 | $0.00 |
| HEG, INC. | 2 International Way Lawrence MA 01843 Attn: George Julakis | 436 S Broadway Salem, NH 03079 | $0.00 |
| J & P HYANNIS TRUST | 25 BRAINTREE HILL OFFICE PARK SUITE 408 BRAINTREE MA 02184 | 378-A Barnstable Rd. Hyannis, MA 02601 | $0.00 |
| JHW CONSTRUCTION, INC | P.O. BOX 746 SHORT HILLS NJ 07078-0746 Attn: Mike Gartenberg | 945 Bald Hill Rd. Warwick, RI 02886 | $0.00 |
| LOCUST GROVE PLAZA, LLC | MAJESTIC CONSTRUCTION 275 NO. FRANKLIN TURNPIKE RAMSEY, NJ 07446 Attn:Jeff Litke | 692 Clements Bridge Rd ste h, Deptford, NJ 08096 | $0.00 |

| Landlord | Landlord Address | Store or Office Address | Cure |
|---|---|---|---|
| NMC MELROSE PARK, LLC | C/O NEW MARK MERRILL CO. 24025 PARK SORRENTO SUITE 300 CALABASAS CA 91302 | 1028 W North Ave. Melrose Park, IL 60160 | $0.00 |
| PATCHOGUE ASSOCIATES | C/O PERGAMENT PROPERTIES 95 FROEHLICH FARM BLVD WOODBURY NY 11797 Attn: Cathy Dubas | 499-26 Sunrise Hwy. Patchogue, NY 11772 | $0.00 |
| PITROCK REALTY CORP | 940 THIRD AVE. 3RD FLOOR NEW YORK NY 10022 Attn: Adam Pliskin | 2019 Lincoln Hwy. Langhorne, PA 19047 | $0.00 |
| RANI MANAGEMENT LLC | ELYSEE INVESTMENTS 1387 SAINT NICHOLAS AVE NEW YORK NY 10033 Attn: Amelie Mailloux | 2151 US-22 Ctr. Union, NJ 07083 | $0.00 |
| Realy Pro Group | 222 Route 59, Suite 300 Suffern NY 10901 | 420 Boston Post Rd. Orange, CT 06477 | $0.00 |
| SAUGUS REALTY COMPANY | P.O Box 550249 Waltham MA 02455 | 327 Broadway Saugus, MA 01906 | $0.00 |
| SHARONA, INC | 628 MILL STREET WORCESTER MA 01602 Attn: Sharona Sefarady | 1233 Main St. Worcester, MA 01603 | $0.00 |

| Landlord | Landlord Address | Store or Office Address | Cure |
|---|---|---|---|
| SHREWSBURY KSI 481 LLC | SHREWSBURY CROSSINGS II LLC C/O FIRST AMERICAN REALTY, INC 100 MLK JR BOULEVARD PO BOX 646 WORCESTER MA 016113-064 Attn: Phillip Shwachman | 571 Boston Tpke. Shrewsbury, MA 01545 | $0.00 |
| SOUNDWATER DARTMOUTH LLC | c/o Berkshire Bank PO BOX 185-G WORCESTER MA 01613-0185 Attn: Irwin Chase | 73 Faunce Corner Mall Rd. Dartmouth, MA 02747 | $0.00 |
| STRAFELLO INC | 29 REEF POINT HULL MA 02045 Attn: Steve Barry | 20 Strafello Drive Avon, MA 02322 | $0.00 |
| TEN FORBES ASSOCIATES L.P. | The Simon Companies 639 Granite Street, Braintree, MA 02184 Atttn: Christopher E Mellen | 10 Forbes Road, Suite 300 West Braintree, MA 02184 | $0.00 |
| UNICORN REALTY TRUST | 293R WASHINGTON STREET NORWELL MA 02061 Attn: Denece Clinton | 1810 Washington St. Hanover, MA 02339 | $0.00 |
| WATERTOWN MALL | C/O ALEXADRIA REAL ESTATE EQUITIES, INC PO Box 102697 PASADENA CA 91189-2697 | 550 Arsenal St. Watertown, MA 02472 | $0.00 |