| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-2* |
| **A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax  (973) 533-0127<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| Work 'N Gear, LLC, | Case No. 25-17472 (MEH) |
| Debtor. | |


## PLAN OF REORGANIZATION OF WORK 'N GEAR, LLC

**INTRODUCTION**

Work 'N Gear, LLC, debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "***Debtor***"), proposes the following Plan of Reorganization (the "***Plan***") pursuant to the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

**ARTICLE I**

**DEFINITIONS**

Unless otherwise provided in this Plan, all terms used herein shall have the meanings assigned to such terms in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. For the purposes of this Plan, the following terms (which appear in the Plan in capitalized forms) shall have the meanings set forth below, and such meanings shall be equally applicable to the singular and to the plural form of the terms defined, unless the context otherwise requires.

1.1.    **"20 Day Administrative Bar Date"** shall be the last date for Creditors to file Claims on account of goods sold to the Debtor within the twenty (20) days preceding the Petition Date pursuant to Bankruptcy Code § 503(b)(9).

1.2.    **"20 Day Administrative Claim"** shall mean those Claims arising pursuant to the Debtor's receipt of goods within the 20 days preceding the Petition Date pursuant to Bankruptcy Code § 503(b)(9).

1.3.    **"Administrative Claim"** shall mean, and be the collective reference to, all costs and expenses of administration of this Chapter 11 case with priority under Bankruptcy Code § 507(a), including, without limitation, costs and expenses allowed under Bankruptcy Code § 503(b), the actual and necessary costs and expenses of preserving the Estate of the Debtor, any Professional Fee Claim and any fees or charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930.

1.4.    **"Allowed Claim"** shall mean a Claim (i) which has been scheduled by the Debtor pursuant to Bankruptcy Rule 1007 and (a) is not scheduled as disputed, contingent or unliquidated, and (b) as to which no Proof of Claim has been filed; (ii) as to which a timely Proof of Claim has been filed

as of the Bar Date and no objection thereto, or application to equitably subordinate or otherwise limit recovery, has been made; or (iii) has been allowed by a Final Order. An Allowed Claim shall not include interest on the amount of any Claim except with respect to an Allowed Secured Claim as permitted by § 506(b) of the Bankruptcy Code and as specifically provided in the Plan or by Final Order of the Bankruptcy Court. In accordance with § 502(d) of the Bankruptcy Code, a Claim held by any Person that is subject to any Causes of Action shall not be an Allowed Claim until such time as the avoidable transfer is returned, a Final Order has been entered that no avoidable transfer exists, or an agreement or settlement is reached.

1.5. **"Allowed [Class Designation] Claim"** shall mean an Allowed Claim in the specified Class.

1.6. **"Allowed Tax Claim"** shall mean that portion of an Allowed Claim which is entitled to priority under § 507(a)(8) of the Bankruptcy Code.

1.7. **"Allowed Unsecured Claim"** shall mean any Allowed Claim which is not an (i) Administrative Claim, (ii) Allowed Priority Claim, (iii) Allowed DIP Lender Claim, or (iv) Allowed Priority Tax Claim.

1.8. **"Assets"** shall mean all assets of the Debtor, of any nature whatsoever, including, without limitation, the property of the Estate pursuant to § 541 of the Bankruptcy Code, Cash, Causes of Action, rights, interests and property, real and personal, tangible and intangible, including Avoidance Actions.

1.9. **"Avoidance Action(s)"** shall mean all claims and causes of action arising under Chapter 5 of the Bankruptcy Code.

1.10. **"Bankruptcy Case"** shall mean the case commenced by the filing of the Debtor's Chapter 11 petition under the Bankruptcy Code.

1.11. **"Bankruptcy Code"** shall mean Title 11 of the United States Code, including 11

U.S.C. §§101-1532, together with all amendments, modifications and replacements as the same exist on any relevant date to the extent applicable to the Debtor's Bankruptcy Case.

1.12. **"Bankruptcy Court"** shall mean the United States District Court for the District of New Jersey with jurisdiction over the Debtor's Bankruptcy Case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of New Jersey, or any court having competent jurisdiction to enter the Confirmation Order.

1.13. **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure effective in accordance with the provisions of 28 U.S.C. § 2075, as the same shall from time to time be amended.

1.14. **"Bar Date"** shall mean October 31, 2025, and such other date(s) fixed by Order(s) of the Bankruptcy Court, by which all Persons asserting a Claim must have filed a Proof of Claim or are forever barred from asserting such Claim except for a governmental unit as this term is defined in § 101(27) of the Bankruptcy Code.  The bar date for a governmental unit shall mean January 12, 2026.

1.15. **"Business Day"** shall mean a day (i) other than Saturday, Sunday, a legal holiday or other day on which commercial banks in the State of New Jersey are authorized or required by law to close and (ii) as defined in Bankruptcy Rule 9006(a).

1.16. **"Cash"** shall mean cash equivalents in certified or immediately available funds, including but not limited to bank deposits, checks and similar items.

1.17. **"Causes of Action"** shall mean all claims, causes of action, third-party claims, counterclaims and crossclaims (including, but not limited to any Causes of Action described in the Disclosure Statement) that may be pending on the Effective Date or instituted by the Reorganized Debtor (or Plan Administrator) after the Effective Date against any entity based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct, indirect, derivative or otherwise, and whether asserted or unasserted as of the date of entry of the Confirmation Order, including Avoidance Actions.

1.18.   **"Claim Objection Deadline"** means the date that is ninety (90) days after the Effective Date, unless extended by order of the Bankruptcy Court.

1.19.   **"Claims"** shall mean any claim(s) against the Debtor as such term is defined in § 101(5) of the Bankruptcy Code including, without limitation, (a) any right to payment from the Debtor whether or not such right is reduced to a judgment, liquidated, unliquidated, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such performance gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to a judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, arising before, on or after the Filing Date through the Effective Date.

1.20.   **"Class"** shall mean any group of Holders of Claims as specified in Article II of the Plan.

1.21.   **"Committee"** shall mean the Official Committee of Unsecured Creditors of the Debtor appointed by the United States Trustee in the Debtor's Bankruptcy Case.

1.22.   **"Confirmation Date"** shall mean the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.23.   **"Confirmation Hearing"** shall mean the hearing at which the Bankruptcy Court considers confirmation of the Plan.

1.24.   **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming the Plan, pursuant to § 1129 of the Bankruptcy Code, and approving the transactions contemplated herein.

1.25.   **"Creditor"** shall mean any person that is a Holder of a Claim against the Debtor that arose, or is deemed to have arisen, on or before the Petition Date with respect to the Debtor.

1.26.   **"Debtor"** shall mean Work 'N Gear, LLC.

1.27.   **"DIP Lenders"** shall mean ABL OPCO LLC and/or one or more of its affiliates, as lender.

1.28. **"DIP Loan Agreement"** shall mean certain Debtor in Possession Credit and Security Agreement dated as of October 1, 2025 by and among the Debtor, as borrower, the DIP Lenders.

1.29. **"DIP Secured Claim"** shall mean the Secured Claim of the DIP Lenders against the Debtor.

1.30. **"Disbursing Agent"** shall be the Plan Administrator.

1.31. "**Disclosure Statement**" shall mean the Disclosure Statement dated November 13, 2025 related to this Plan and exhibits thereto filed pursuant to Bankruptcy Code § 1125 and approved by the Bankruptcy Court.

1.32. **"Disputed Claim"** shall mean a Claim against the Debtor to the extent that a Proof of Claim has been timely filed or deemed timely filed under applicable law; and, as to which an objection has been filed by the Debtor, the Reorganized Debtor, the Plan Administrator or by any other party-in-interest with requisite standing, and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Bankruptcy Court, and has not been denied by a Final Order, or a claim listed on the Debtor's Schedules as contingent, disputed or unliquidated.

1.33. **"Effective Date"** shall mean the day after the Confirmation Order has become a Final Order.

1.34. **"Estate"** shall mean the estates of the Debtor created by § 541 of the Bankruptcy Code.

1.35. **"Executory Contract"** shall mean any executory contract or unexpired lease, subject to § 365 of the Bankruptcy Code, between the Debtor and any other Person.

1.36. **"Filed"** shall mean filed with the Bankruptcy Court in the Debtor's Bankruptcy Case.

1.37. **"Final Decree"** shall mean the decree contemplated under Bankruptcy Rule 3022.

1.38. **"Final DIP Order"** means that certain Final Order (i) Authorizing Debtor in Possession Financing Pursuant to 11 U.S.C. §§ 105(a), 362, 363 and 364(c) and (d); (II); Granting Liens and

Superpriority Administrative Claims Pursuant to 11 U.S.C. § 364(c); (iii) Modifying the Automatic Stay; and (iv) Granting Related Relief dated as of November 5, 2025 [Docket No. 161].

1.39.   **"Final Order"** shall mean an order or judgment of the Bankruptcy Court as entered on the docket that has not been reversed, stayed, modified or amended and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has run or as to which any right to appeal, reargue, petition for certiorari or seek rehearing has been waived in writing or, if an appeal, reargument, petition for certiorari, or rehearing thereof has been denied, and the time to take any further appeal or to seek certiorari or further reargument or rehearing has expired.  Notwithstanding, and in lieu of the foregoing, insofar as the Confirmation Order confirming the Plan is concerned, Final Order means such order or judgment with respect to which no stay is in effect.

1.40.   **"Holder"** shall mean the owner or holder of any Claim or Interest.

1.41.   **"Impaired"** shall have the meaning set forth in § 1124 of the Bankruptcy Code.

1.42.   **"Insider"** shall have the meaning assigned to such term in § 101(31) of the Bankruptcy Code.

1.43.   **"Interests"** shall mean, with respect to the Debtor, any equity interest as defined in § 101(16) of the Bankruptcy Code.  Interests shall also include, without limitation, all stock, partnership, membership interest, warrants, options, or other rights to purchase or acquire any membership interests in the Debtor.

1.44.   **"Lien"** shall mean any lien, mortgage, charge, security interest, pledge or other encumbrance against or interest in property to secure payment or performance of a claim, debt, or litigation.

1.45.   **"Person"** shall mean any individual, corporation, limited liability company, general partnership, limited partnership, limited liability partnership, association, joint stock company, joint

venture, estate, trust, unincorporated organization, government or any political subdivision thereof or other entity.

1.46.   **"Petition Date"** shall mean July 16, 2026, the date the Debtor filed its Bankruptcy Case.

1.47.   **"Plan"** shall mean this Plan of Reorganization (as the same may be modified or amended by the Debtor in accordance with the Bankruptcy Code, the Bankruptcy Rules and this Plan) and any exhibits hereto and any documents incorporated herein by reference.

1.48.   **"Plan Administrator"** shall mean the party appointed to implement the Plan post-Effective Date.

1.49.   **"Priority Claim"** shall mean all Claims that are entitled to priority pursuant to § 507 of the Bankruptcy Code and that are not Administrative Claims or Priority Tax Claims.

1.50.   **"Priority Tax Claim"** shall mean a Claim of the kind specified in § 507(a)(8) of the Bankruptcy Code.

1.51.   **"Professional"** shall mean a Person (a) employed by the Debtor and/or the Committee pursuant to a Final Order in accordance with §§ 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to §§ 327, 328, 329, 330, and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement has been Allowed by the Bankruptcy Court pursuant to § 503(b)(4) of the Bankruptcy Code by a Final Order.

1.52.   **"Professional Fee Claim"** shall mean all fees and expenses claimed by Professionals retained by the Debtor and/or the Committee pursuant to a Final Order of the Bankruptcy Court under §§ 330 and 331 of the Bankruptcy Code and which remains unpaid as of the Effective Date.

1.53.   **"Proof of Claim"** shall mean a proof of claim Filed in the Bankruptcy Case pursuant to § 501 of the Bankruptcy Code and/or any order of the Bankruptcy Court, together with supporting documents.

1.54.   **"Pro Rata"** shall mean proportionately so that the ratio of the amount of consideration

distributed on account of a particular Allowed Claim to the amount of such Allowed Claim is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims of a Class or Classes that share in the consideration being distributed at the time to the amount of all Allowed Claims of that Class or those Classes that share in the consideration being distributed at that time.

1.55.   **"Reorganized Debtor"** shall mean the Debtor as reorganized on or after the Effective Date pursuant to this Plan.

1.56.   **"Schedules"** shall mean the Statement of Financial Affairs and Schedules of Assets and Liabilities Filed by the Debtor with the Bankruptcy Court under Bankruptcy Rule 1007, and such Schedules as have been or may be amended or supplemented from time to time.

1.57.   **"Secured Claims"** shall mean, pursuant to § 506 of the Bankruptcy Code, that portion of a Claim that is (a) secured by a valid, perfected and enforceable security interest, Lien, mortgage or other encumbrance, that is not subject to avoidance under applicable bankruptcy or non-bankruptcy law, in or upon any right, title or interest of the Debtor in and to property of the Estate, to the extent of the value of the Holder's interest in such property as of the relevant determination date; or (b) Allowed as such pursuant to the terms of the Plan (subject to the Confirmation Order becoming a Final Order).

1.58.   **"Unclassified Claim(s)"** shall mean Administrative Claims and Priority Tax Claims.

1.59.   **"Unsecured Claim"** shall mean any claim which is not an Administrative Claim, the DIP Secured Claim, Priority Claim or a Priority Tax Claim.

### ARTICLE II

### <u>CLASSIFICATION AND TREATMENT OF CLAIMS</u>

**A.      General Provisions and Classifications**

The classification of Claims listed below is for all purposes, including without limitation, voting, Confirmation and distributions under the Plan and under §§ 1122 and 1123(a)(1) of the Bankruptcy Code.  A Claim shall be deemed classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a

different Class to the extent that any remainder of such Claim qualifies within the description of such different Class.  A Claim is in a particular Class only to the extent that such Claim is allowed in that Class and has not been paid or otherwise settled before the Effective Date.

The classification of Claims pursuant to the Plan is as follows:

| **CLASS** | **STATUS** | **VOTING RIGHTS** |
| --- | --- | --- |
| Class 1:  Priority Claims | Unimpaired | Not Entitled to Vote |
| Class 2:  DIP Secured Claim | Unimpaired | Not Entitled to Vote |
| Class 3:  Unsecured Claims | Impaired | Entitled to Vote |
| Class 4:  Interests | Unimpaired | Not Entitled to Vote |

**B.      Unclassified Claims:  Administrative Claims and Priority Tax Claims**

**1.      Administrative Claims**

**a.      Non-Professional Fee Claims**

The Debtor (or Reorganized Debtor) shall pay each Holder of an Allowed Administrative Claim (except for a Professional Fee Claim and 20 Day Administrative Claim) the full amount of the Allowed Administrative Claim, without interest, in Cash, as soon as practicable after the Effective Date or within thirty (30) days after the Claim becomes an Allowed Claim, except that Allowed Administrative Claims representing obligations incurred in the ordinary course of business are to be paid in accordance with the terms of any agreement upon which such Allowed Administrative Claim is based.  Notwithstanding anything herein to the contrary, the Holders of an Allowed Administrative Claim may be paid on such other date and upon such other terms as may be agreed upon by that Holder of an Allowed Administrative Claim and the Debtor or Reorganized Debtor.  **All Administrative Claims (except for Professional Fee Claims and 20 Day Administrative Claims) are required to be Filed by the Administrative Bar Date fixed in Section 10.19 of the Plan, or such Administrative Claim shall be forever barred and shall not be enforceable against the Debtor, the Reorganized Debtor, their Estates and their successors, their assigns or their Assets**.  Without limiting the foregoing, all outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 that have not been paid shall be paid no later than thirty (30) days after the Effective Date or when due in the ordinary course.

**b.      Professional Fee Claims**

The Debtor or the Reorganized Debtor shall pay Professionals who are entitled to reimbursement or allowance of fees and expenses from the Debtor's Estate pursuant to §§ 503(b)(2) through (b)(6) of the Bankruptcy Code, in Cash, in the amount awarded to such Professionals by Final Order of the Bankruptcy Court as soon as practicable after the Effective Date or the date upon which any order awarding fees and expenses becomes a Final Order, in accordance with the terms of any order entered by the Bankruptcy Court governing the payment of fees and expenses during the course of the Bankruptcy Case, and after application of any retainer received by the Professionals.

Any final application for allowance of a Professional Fee Claim for services rendered and costs incurred through the Effective Date must be Filed with the Bankruptcy Court and served on counsel for the Reorganized Debtor at the addresses listed in Section 10.10 of the Plan and the Office of the United States Trustee so that it is received no later than forty-five (45) days after the Effective Date, or such Professional Fee Claim shall be forever barred and shall not be enforceable against the Debtor, the Reorganized Debtor, their Estates and their successors, their assigns or their Assets.

Fees and expenses incurred on or after the Effective Date by any Professionals of the Debtor and/or Reorganized Debtor shall be paid on a monthly basis by the Reorganized Debtor without the requirement to file fee applications.

Allowed Professional Fee Claims must be paid in full prior to any payment to Class 3 Unsecured Claims.

  **c.**  **20 Day Administrative Claims**

The Debtor (or Reorganized Debtor) shall pay each Holder of an Allowed 20 Day Administrative Claim the full amount of the Allowed 20 Day Administrative Claim, without interest, in Cash, as soon as practicable after the Effective Date or within thirty (30) days after the Claim becomes an Allowed Claim. Notwithstanding anything herein to the contrary, the Holders of an Allowed 20 Day Administrative Claim may be paid on such other date and upon such other terms as may be agreed upon by that Holder of an Allowed 20 Day Administrative Claim and the Debtor or Reorganized Debtor.

  **2.**  **Priority Tax Claims**

The Reorganized Debtor shall pay Allowed Priority Tax Claims, over a period through the sixth anniversary of the date of assessment of such Allowed Priority Tax Claim, deferred Cash payments in an aggregate amount equal to such allowed Priority Tax Claim, together with interest thereon (if and so required) at the legal rate required for such claim in Chapter 11 case.  All Allowed Priority Tax Claims which are not due and payable on or before the Effective Date shall be paid in the ordinary course of business in accordance with the terms thereof.

The Holder of an Allowed Priority Tax Claim will not be entitled to receive any payment on account of any penalty arising with respect to, or in connection with an Allowed Priority Tax Claim. Any such Claim, or demand for any such penalty, will be deemed disallowed by Confirmation of the Plan.

**C.      Classes of Claims and Interests:  Classification, Treatment and Voting Rights**

Holders of Claims and Interests are divided into Classes and treated as follows:

**1.      "Class 1" – Priority Claims -- *Unimpaired***

**a.      Classification**

Class 1 consists of all Allowed Priority Claims.

**b.      Treatment**

After paying any and all Allowed Administrative Claims and Priority Tax Claims, the Reorganized Debtor shall pay Allowed Class 1 Claims, in their respective order of priority pursuant to § 507 of the Bankruptcy Code in full, in Cash, without interest, within thirty (30) days (i) after the Effective Date or (ii) when the Class 1 Claim is allowed by a Final Order.

**c.      Voting**

Class 1 is an Unimpaired Class. Holders of Class 1 Claims are conclusively deemed to accept the Plan pursuant to § 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Claims in Class 1 are not entitled to vote to accept or reject the Plan.

**2.       "Class 2" – DIP Secured Claim -- *Unimpaired***

**a.      Classification**

Class 2 consists of the Allowed Secured Claim of the DIP Lenders.

**b.      Treatment**

Allowed Class 2 Claims shall be paid in full, in Cash, with interest at the contract rate, legal fees and other expenses as permitted in accordance with the terms and provisions of the DIP Loan Agreement. Until such time as the DIP Secured Claim is paid in full, the DIP Lenders shall retain their liens and security interests in all collateral it has been granted under the DIP Loan Agreement and Final DIP Order.

**c.      Voting**

Class 2 is an Unimpaired Class. The Holder of the Class 2 Claim is conclusively deemed to accept the Plan pursuant to § 1126(f) of the Bankruptcy Code. Therefore, the Holder of the Claim in Class 2 is not entitled to vote to accept or reject the Plan.

**3.      "Class 3" – Unsecured Claims-- _Impaired_**

**a.      Classification**

Class 3 consists of all Allowed Unsecured Claims.

**b.      Treatment**

Allowed Class 3 Unsecured Claims in the aggregate maximum amount of $3,500,000  shall be paid in full, without interest, in five (5) annual installments, as follows:  (i) ten percent (10%) ninety (90) days after the Effective Date; (ii) fifteen percent (15%) on the first anniversary of the Effective Date; (iii) twenty percent (20%) on the second anniversary of the Effective Date; (iv) thirty percent (30%) on the third anniversary of the Effective Date; and (v) twenty-five percent (25%) on the fourth anniversary of the Effective Date.

**c.      Voting**

Class 3 is Impaired. The Holders of the Allowed Class 3 Unsecured Claims are entitled to vote to accept or reject the Plan.

**4.      "Class 4" – Interests -- _Unimpaired_**

**a.       Classification**

Class 4 consists of all Interests in the Debtor.

**b.      Treatment**

Class 4 Interest Holders shall retain their interests in the Debtor.

**c.** **Voting**

Class 4 is an Unimpaired Class. Holders of Class 4 Interests are conclusively deemed to accept the Plan pursuant to § 1126(f) of the Bankruptcy Code. Therefore, the Holders of Interests in Class 4 are not entitled to vote to accept or reject the Plan.

## ARTICLE III

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**A.** **Assumption of Certain Contracts and Leases and Cure Payments.**

Fifteen (15) days prior to the Confirmation Hearing, the Debtor shall file a schedule of Executory Contracts to be assumed as of the Effective Date and the amount of cure payments, if any, to be paid by the Reorganized Debtor in accordance with § 365(b)(1) of the Bankruptcy Code (the "***Assumption Schedule"),*** which shall be deemed **Exhibit A** to the Plan. Objections to any proposed cure payment must be filed and served no later than four (4) days prior to the Confirmation Hearing (the "***Assumption Objection Deadline***") and shall be adjudicated, if necessary, at the Confirmation Hearing. Any non-debtor party or Person to an Executory Contract that has not filed an appropriate pleading with the Bankruptcy Court on or before the applicable Assumption Objection Deadline shall be deemed to have waived its right to dispute the cure amount. All unpaid cure payments under any Executory Contracts that are assumed or assumed and assigned under this Plan shall be made by the Disbursing Agent as soon as practicable after the Effective Date but not later than thirty (30) days after the Effective Date, *provided, that*, in the event that there is a dispute regarding the amount of any cure payments, the Disbursing Agent shall make such cure payments as may be required by § 365(b)(1) of the Bankruptcy Code within ten (10) days following the entry of a Final Order resolving such dispute.

The Debtor reserves the right to remove any Executory Contract from the Assumption Schedule within five (5) days of the Confirmation Hearing.

**B.** **Rejection of Remaining Executory Contracts and Unexpired Leases.**

On the Confirmation Date, except for (i) any Executory Contract that was previously assumed or rejected by an Order of the Bankruptcy Court pursuant to § 365 of the Bankruptcy Code and (ii) any Executory Contract identified on the Assumption Schedule, each Executory Contract entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms,

shall be deemed rejected pursuant to § 365 of the Bankruptcy Code, effective as of the Confirmation Date. The Confirmation Order shall constitute an Order of the Bankruptcy Court approving such rejection pursuant to § 365 of the Bankruptcy Code, as of the Confirmation Date.

**C.      Rejection Damages Bar Date.**

Except to the extent that another Bar Date applies pursuant to an Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts under the Plan must be filed with the Clerk of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, and a copy served on counsel for the Reorganized Debtor, within thirty (30) days from the entry of the Confirmation Order, or such Claim shall be forever barred and shall not be entitled to a distribution or be enforceable against the Debtor, the Reorganized Debtor, their Estates and their successors, their assigns or their Assets. Any Claims arising from the rejection of Executory Contracts shall be treated in Class 3.

**ARTICLE IV**

**<u>PROVISIONS FOR TREATMENT OF DISPUTED CLAIMS</u>**

**A.      Resolution of Disputed Claims**

**1.      <u>Prosecution of Objections to Claims</u>**

An objection to the allowance of a Claim shall be in writing and shall be Filed with the Bankruptcy Court pursuant to Section B. 3 below.

Except as set forth herein, nothing in the Plan, the Confirmation Order or any order in aid of Confirmation, shall constitute, or be deemed to constitute, a waiver or release of any Claim, Causes of Action, Avoidance Action, or other legal or equitable defense which the Debtor and its Estate had immediately prior to the commencement of their Bankruptcy Case against or with respect to any Claim. Except as set forth herein, upon Confirmation, the Debtor and/or the Reorganized Debtor shall have, retain, reserve and be entitled to assert all such Claims, Causes of Action, Avoidance Actions, rights of setoff and other legal or equitable defenses which the Debtor or its Estate had immediately prior to the commencement of its Bankruptcy Case as if the Bankruptcy Case had not been commenced.

**2.      <u>Payments and Distributions on Disputed Claims</u>**

As and when authorized by a Final Order, Disputed Claims that become Allowed Claims shall be

paid in accordance with the terms of the Plan.

As to any Person who holds a Claim whereby only a portion of such Claim is disputed, a distribution may be made on the non-disputed portion of such Claim at the Reorganized Debtor's discretion, although no payment or distribution will be made on the disputed portion of such Claim until such dispute is resolved by settlement or Final Order, except as otherwise provided for in Section B. 1 below.

Any Person who holds both (an) Allowed Claim(s) and (a) Disputed Claim(s) will receive the appropriate payment or distribution on the Allowed Claim(s), although no payment or distribution will be made on the Disputed Claim(s) until such dispute is resolved by settlement or Final Order, except as otherwise provided for in Section B. 1 below.

**B.      Allowance of Claims**

**1.      <u>Disallowance of Claims</u>**

All Claims held by Persons against whom the Debtor, its Estate and/or the Reorganized Debtor has asserted or may assert a Claim, Avoidance Action, subordination, or Cause of Action under §§ 522(f), 522(h), 542, 543, 544, 547, 548, 549, 550, 551, 553 or 724(a) of the Bankruptcy Code shall be deemed disallowed pursuant to § 502(d) of the Bankruptcy Code, and Holders of such Claims may not vote to accept or reject the Plan or receive a distribution until such time as such Claims, Avoidance Action or Causes of Action against the Person have been settled or a Final Order entered and all sums due the Debtor by that Person are turned over to the Debtor or the Reorganized Debtor, as the case may be. The Holders of any and all Claims Filed with the Bankruptcy Court after the Bar Date shall be disallowed and Holders of such Claims may not vote to accept or reject the Plan or be entitled to any distribution, unless otherwise Allowed by Final Order of the Bankruptcy Court.

**2.      <u>Allowance of Claims</u>**

Except as expressly provided in the Plan, no Claims shall be deemed Allowed by virtue of the Plan, Confirmation or any order of the Bankruptcy Court, unless and until such Claim is deemed Allowed under the Bankruptcy Code, or the Bankruptcy Court enters a Final Order in the Bankruptcy Case allowing such Claim. Notwithstanding the foregoing, any Claim included in the Debtor's

Schedules that is not listed as contingent, unliquidated, and/or disputed shall be an Allowed Claim in the amount scheduled.

### 3.   Objections to Claims

Both the Debtor and the Reorganized Debtor shall have all proper legal standing and the right to commence and pursue objections to Claims.

All objections to Claims shall be filed with the Bankruptcy Court and served upon the Holders of each of the Claims to which objections are made by the later of (i) ninety (90) days after the Effective Date, unless this time period is extended by order of the Bankruptcy Court by the filing of a motion on notice solely to the Bankruptcy Rule 2002 service list, and the Reorganized Debtor expressly reserves the right to seek such extensions from the Bankruptcy Court, or (ii) ninety (90) days after a Proof of Claim or request for payment with respect to such Claim is filed unless this time period is extended as provided for in subsection (i) above.  As stated in this paragraph, the Reorganized Debtor shall have the right to petition the Bankruptcy Court for an extension of the Claim Objection Deadline by motion and such an extension shall not be deemed a modification of the Plan.

### 4.   Setoffs and Recoupment

The Debtor and/or the Reorganized Debtor (as the case may be) may, pursuant to §§ 553 and 558 of the Bankruptcy Code or applicable non-bankruptcy law, but shall not be required to, setoff against or recoup from any Claim on which payments are to be made pursuant to the Plan, any Claims of any nature whatsoever the Debtor may have against the Holder of such Claim; *provided, however*, that neither the failure to do so nor the allowance of any Claim shall constitute a waiver or release by the Debtor of any such setoff or recoupment the Debtor may have against such Claim.

### C.   Controversy Concerning Impairment

If a controversy arises as to whether any Claims or any Class of Claims or Interests are Impaired under the Plan, the Bankruptcy Court, after notice and a hearing, shall determine such controversy on or before the Confirmation Date.

### D.   Claims Estimation For Voting Purposes

The Debtor reserves the right to dispute any Claim amount listed on the Voting Ballot, and if

necessary, seek estimation of such Claim amount, for voting purposes only, pursuant to Rule 3018(a) of the Bankruptcy Rules.

**ARTICLE V**

**<u>DISTRIBUTIONS</u>**

A.      **Distributions**

1.      **<u>Disbursing Agent</u>**

The Plan Administrator shall be the Disbursing Agent and the Disbursing Agent shall make all distributions under the Plan.

2.      **<u>Disbursing Agent Qualification</u>**

No Person other than the Plan Administrator shall be authorized by the Bankruptcy Court to serve as Disbursing Agent unless and until the Reorganized Debtor consents in writing to that Person serving as Disbursing Agent and that Person (i) executes and files a statement with the Bankruptcy Court agreeing to perform all of the duties of the Disbursing Agent under the Plan, and (ii) consents to the jurisdiction of the Bankruptcy Court in respect to all matters relating to the performance of its duties as the Disbursing Agent under the Plan.

No Person other than the Plan Administrator shall be authorized by the Bankruptcy Court to serve as Disbursing Agent unless and until the Reorganized Debtor consents in writing to that Person serving as Disbursing Agent and that Person (i) executes and files a statement with the Bankruptcy Court agreeing to perform all of the duties of the Disbursing Agent under the Plan, and (ii) consents to the jurisdiction of the Bankruptcy Court in respect to all matters relating to the performance of its duties as the Disbursing Agent under the Plan.

3.      **<u>Compliance with Tax Requirements</u>**

In connection with the Plan, to the extent applicable, the Disbursing Agent in making distributions under the Plan shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. The Disbursing Agent may withhold the entire distribution due to any Holder of an Allowed Claim until such time as such Holder provides to the Disbursing Agent the

necessary information to comply with any withholding requirements of any governmental unit. Any property so withheld will then be paid by the Disbursing Agent to the appropriate authority. If the Holder of an Allowed Claim fails to provide to the Disbursing Agent the information necessary to comply with any withholding requirements of any governmental unit within six months from the date of first notification by the Disbursing Agent to the Holder of the need for such information or for the Cash necessary to comply with any applicable withholding requirements, then the Holder's distribution shall be treated as an undeliverable or unclaimed distribution in accordance with the terms of the Plan.

**B.      Method of Distribution Under the Plan**

**1.      In General**

Except as otherwise provided in the Plan, or as may be ordered by the Bankruptcy Court, distributions on account of Administrative Claims and Priority Tax Claims, and Claims in Classes 1, 2 and 3 shall be made by the Disbursing Agent.

**2.      Manner of Payment**

Any payment of Cash under the Plan may be made either by check drawn on a domestic bank, by wire transfer or by automated clearing house transfer ("**ACH**") from a domestic bank, at the option of the Disbursing Agent.

**3.      Transmittal of Distributions to Parties Entitled Thereto**

All distributions by check shall be deemed made at the time such check is duly deposited in the United States mail, postage prepaid. Any distributions by wire transfer or ACH shall be deemed made as of the date of the wire transfer by the Federal Reserve or other wire transfer is made. Except as otherwise agreed with the Holder of an Allowed Claim in respect thereof or provided in the Plan, any property to be distributed on account of an Allowed Claim, shall be distributed by mail upon compliance by the Holder with provisions of the Plan to (i) the latest mailing address filed for the Holder of an Allowed Claim entitled to a distribution, (ii) the latest mailing address filed for a Holder of a filed power of attorney designated by the Holder of such Claim to receive distributions, (iii) the latest mailing address filed for the Holder's transferee as identified in a filed notice served on the Debtor pursuant to Bankruptcy Rule 3001(e), or (iv) if no such mailing address has been filed, the mailing address reflected

on the Schedules or in the Debtor's books and records.

### 4. Distribution of Unclaimed Property

Except as otherwise provided in the Plan, any distribution of property (Cash or otherwise) under the Plan which is unclaimed after three (3) months following any distribution date shall be forfeited, and such distribution, together with any interest earned thereon, shall return to and vest in the Reorganized Debtor free and clear of any claim by such Person. Nothing in the Plan shall be construed as requiring the Debtor, Disbursing Agent to attempt to locate any Holder of an Allowed Claim.

### 5. Saturday, Sunday or Legal Holiday

If any payment or act under the Plan is required to be made or performed on a Date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### 6. Reports

Until a Final Decree is entered, Plan Administrator on behalf of the Reorganized Debtor shall submit quarterly reports to the United States Trustee as required by the United States Trustee guidelines setting forth all receipts and disbursements of the Reorganized Debtor.  The Reorganized Debtor shall be responsible to request a Final Decree be entered in this Bankruptcy Case.

### C. Fractional Cents and De Minimis Distributions

Notwithstanding any other provisions of the Plan to the contrary, no payment of fractional cents will be made under the Plan.  Cash will be issued to Holders entitled to receive a Distribution of Cash in whole cents (rounded to the nearest whole cent when and as necessary).

Any distribution of less than $25.00 will be considered de minimis, and holders of Allowed Claims that are entitled to a final distribution of less than $25.00 will not receive any distribution.  Such funds shall remain with and vest in the Reorganized Debtor.

### D. Corporate Action

Upon the Effective Date, all matters provided under the Plan involving the Debtor shall be deemed to be authorized and approved without any requirement of further action by the Debtor and its respective officers and its members.

**ARTICLE VI**

**MEANS FOR IMPLEMENTATION OF THE PLAN**

**A.      Going Forward Operations**

The Debtor will fund distributions under the Plan over the course of five years from profits generated from the operation of the Debtor's business operations.  Indeed, under the Plan, Class 3 Claims in the aggregate maximum amount of $3,500,000 shall be paid in full, without interest, in five (5) annual installments, as follows:  (i) ten percent (10%) ninety (90) days after the Effective Date; (ii) fifteen percent (15%) on the first anniversary of the Effective Date; (iii) twenty percent (20%) on the second anniversary of the Effective Date; (iv) thirty percent (30%) on the third anniversary of the Effective Date; and (v) twenty-five percent (25%) on the fourth anniversary of the Effective Date.

The Debtor intends on satisfying its obligations to Class 3 via cash generated through its business operations post-confirmation.  Additionally, as set forth herein, the Debtor reserves the right to sell its assets and / or equity post-confirmation.

**B.      Right to Sale Debtor's Assets or Equity**

**1.      Marketing Debtor's Assets**

Since the Petition Date, the Debtor has considered various strategic alternatives in order to maximize the recovery to creditors in this case. For instance, the Debtor received various levels of interest from certain potential acquisition(s) of the Debtor's business. Those discussions continue and the Reorganized Debtor reserves the right to sell assets and / or equity post-confirmation.

**C.      Funding of Plan**

The source of funds to achieve consummation of and carry out the Plan shall  come from the going forward operations of the Reorganized Debtor, recoveries from Avoidance Actions, and / or the sale of equity or assets.

**D.      Vesting of Assets**

Upon the occurrence of the Effective Date, title to the Assets shall vest in the Reorganized Debtor.

**E.      Plan Administrator**

(i)      <u>Appointment</u>. On the Effective Date, a Plan Administrator shall be appointed for the Debtor.[1]  A copy of the proposed Plan Administrator Agreement is annexed hereto as **Exhibit C.**

(ii)      <u>Bonding Requirement</u>.  The Plan Administrator shall not be required to post a bond in order to serve as the Plan Administrator.

(iii)      <u>Authority</u>. The Plan Administrator shall have the authority and right on behalf of the Debtor, without the need for Bankruptcy Court approval (unless otherwise indicated), to carry out and implement the provisions of the Confirmed Plan, including, without limitation, to:

- except to the extent Claims have been previously Allowed, to control and effectuate the Claims reconciliation process, including to object to, seek to subordinate, compromise or settle any and all Claims against the Debtor;

- make Distributions to holders of Allowed Claims in accordance with the Plan;

- prosecute all Causes of Action on behalf of the Reorganized Debtor, elect not to pursue any Causes of Action, and determine whether and when to compromise, settle, abandon, dismiss, or otherwise dispose of any such Causes of Action, as the Plan Administrator may determine is in the best interests of the Reorganized Debtor;

---

[1] Seven days prior to the Confirmation Hearing, the Debtor shall either include the name of the proposed Plan Administrator in a plan supplement or file a notice with the Court naming the proposed Plan Administrator.

- make regular monthly payments to existing professionals who will continue to perform in their current capacities subsequent to the Effective Date;

- retain professionals to assist in performing its duties under the Plan;

- incur and pay reasonable and necessary expenses in connection with the performance of duties under the Plan, including the reasonable fees and expenses of professionals retained by the Plan Administrator;

- administer the Debtor's tax obligations, pay statutory fees; and perform other duties and functions that are consistent with the implementation of the Plan.

**F.**      **Avoidance Actions**

Except as otherwise provided in this Plan, title to any Avoidance Actions accruing to or assertable by the Debtor shall, on the Effective Date, be transferred to the Reorganized Debtor. From and after the Effective Date, the Plan Administrator shall have sole authority to litigate or settle any Avoidance Actions. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Avoidance Actions and approve of any such settlement (if required), whether commenced prior to or after Confirmation of the Plan.

**G.**      **Cancellation of Instruments and Agreements**

Upon the occurrence of the Effective Date, except as otherwise provided herein, all promissory notes, shares, certificates, instruments, indentures, or stock, or agreements evidencing, giving rise to, or governing any Claim or Interest shall be deemed canceled and annulled without further act or action under any applicable agreement, law, regulation, order, or rule and the obligations of the Debtor under such promissory notes, share certificates, instruments, indentures, or agreements shall be discharged.

## ARTICLE VII

## <u>EFFECT OF CONFIRMATION</u>

**A.      Authority to Effectuate Plan**

Upon the Confirmation Order becoming a Final Order, all matters provided under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Debtor.  The Debtor shall be authorized, without further application to or order of the Bankruptcy Court, to take whatever action necessary to achieve consummation and carry out the Plan and to effectuate the transactions provided for thereunder.

**B.      Binding Effect**

Except as otherwise expressly provided in the Plan, on and after the Effective Date, the Plan shall bind all Holders of Claims and Interests, whether or not such Holders voted to accept or reject the Plan.  Except as expressly set forth herein, on and after the Confirmation Date, subject to the occurrence of the Effective Date, every Holder of a Claim or Interest shall be precluded and permanently enjoined from asserting against the Debtor, the Debtor's Estate, the Reorganized Debtor, and their respective Assets and properties, any claim based on any document, instrument, judgment, award, order, act, omission, transaction or other activity of any kind or nature that occurred before the Petition Date or between the Petition Date and the Effective Date, in connection with, related to, effecting, or arising out of the Debtor, the Debtor's operations, the bankruptcy filing, the Bankruptcy Case, the administration of the Plan, any sale or liquidation of the Debtor's Assets, or the property to be distributed under the Plan, except by reason of their gross negligence or willful misconduct, and in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**C.      Discharge**

Except as otherwise provided in the Plan or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims of any nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any Assets or property shall have been distributed or retained pursuant to the Plan on account of such Claims, to the fullest extent permitted under the Bankruptcy Code.  Upon the

Effective Date, the Debtor shall be deemed discharged and released under § 1141(d) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose on or before the Confirmation Date. Further, upon the Effective Date all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code shall be terminated, extinguished and canceled. The foregoing discharges and releases shall not apply to the mortgages and security interests of the DIP Lender until all amounts are paid in full under the DIP Loan Agreement.

**D.     Exculpation**

> **Except as otherwise specifically provided in this Plan, upon the Effective Date, none of the Debtor, the Committee, or any of their respective officers, directors, shareholders, members and/or employees, representatives, advisors, attorneys, financial advisors, agents, or affiliates, or any of their successors or assigns, shall have or incur, and are hereby released from, any Claim, obligation, Cause of Action or liability to one another or to any holder of a Claim or an Interest, or any other party in interest, for any act or omission in connection with, relating to, or arising out of, the Debtor's Chapter 11 case, the formation, negotiation, and pursuit of Confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their gross negligence, willful misconduct or fraud, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities (if any) under this Plan. Further, the Debtor, the Committee and Professionals are granted the protections and benefits of § 1125(e) of the Bankruptcy Code.**

**E.     Injunctions**

> **Except as otherwise specifically provided in the Plan or the Confirmation Order, all Persons who have held, hold or may hold Claims, rights, Causes of Action, liabilities or any Interests based upon any act or omission, transaction or other activity of any kind or nature related to the Debtor or the Debtor's Chapter 11 Case that occurred prior to the Effective Date, other than as expressly provided in this Plan or the Confirmation Order, regardless of the Filing, lack of Filing, allowance or disallowance of such a Claim or Interest, and regardless of whether such Person has voted to accept or reject the Plan, and any successors, assigns or representatives of such Persons, shall be precluded and permanently enjoined on and after the Effective Date from (a) the commencement or continuation in any manner of any claim, action or other proceeding of any kind, and against any Person or entity, with respect to any Claim, Interest or any other right or claims against the Debtor, or any Assets of the**

**Debtor which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor or their successors and assigns with respect to any Claim, Interest or any other right or claim against the Debtor, or against any Assets of the Debtor which such Entities possessed or may possess prior to the Effective Date, and (c) the creation, perfection or enforcement of any encumbrance or Lien of any kind against the Debtor or its successors and assigns with respect to any Claim, Interest or any other right or claim against the Debtor or any Assets of the Debtor which it possessed or may possess prior to the Effective Date.**

F.      **Limitation of Liability**

**Except as expressly set forth in the Plan, following the Effective Date, none of the Debtor, the Reorganized Debtor, the Committee, or any of their respective members, officers, directors, employees, advisors, attorneys, professionals or agents, or any of their successors and assigns, shall have or incur any liability to any Holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Debtor's Chapter 11 Case, the negotiation and pursuit of confirmation of the Plan, the consummation of the Plan or any contract, instrument, release or other agreement or document created in connection with this Plan, or the administration of the Plan or the property to be distributed under the Plan, except for fraud, gross negligence or willful misconduct.**

G.      **Committee**

Ninety (90) days after the Effective Date, the Committee and its Professionals shall be disbanded and no longer constituted to act. Any Professional Fee Claim incurred by the Committee's Professionals for ninety (90) days after the Effective Date shall be paid upon submissions of invoices to the Reorganized Debtor. Any dispute concerning these fees and expenses shall be adjudicated by the Bankruptcy Court

**ARTICLE VIII**

**CONDITIONS PRECEDENT**

A.      **Condition Precedent to Effective Date**

The Effective Date is conditioned upon the Confirmation Order becoming a Final Order. The conditions set forth in this Article VIII can be waived by the Debtor in writing.

**ARTICLE IX**

**RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT**

1.      **Jurisdiction of Bankruptcy Court.**  Upon and after Confirmation, as well as after the closing of the Debtor's Bankruptcy Case and the entry of a Final Decree, the Bankruptcy Court shall retain jurisdiction of the Debtor's Bankruptcy Case for the following purposes:

A.      To hear and determine any and all pending applications for the rejection and disaffirmance, assumption or assignment of Executory Contracts and any objection to Claims resulting therefrom and the allowance of Claims resulting therefrom.

B.      To hear and determine any and all applications, adversary proceedings, applications, contested matters and other litigated matters pending on the Confirmation Date, and to hear and determine any and all Causes of Action and the Avoidance Actions, including, without limitation, all avoidance power recovery actions such as preference actions and fraudulent conveyance actions, whether pending on the Confirmation Date or commenced by the Reorganized Debtor or the Plan Administrator after the Effective Date.

C.      To insure that the distributions to Holders of Claims are accomplished as provided herein.

D.      To hear and determine any objections to Claims filed both before and after Confirmation of the Plan, including any objections to the classification of any Claim and to allow or disallow any Disputed Claim in whole or in part.

E.      To enter and implement such orders as may be appropriate in the event Confirmation is for any reason stayed, reversed, revoked, modified or vacated.

F.      To hear and determine all applications for compensation of Professionals and reimbursement of expenses.

G.      To hear any application by the Reorganized Debtor to modify the Plan in accordance with § 1127 of the Bankruptcy Code.  After Confirmation, the Reorganized Debtor may also, so long as it does not materially adversely affect the interest of Creditors, institute

proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order in such manner as may be necessary to carry out the purposes and effects of the Plan.

H.     To hear and determine disputes arising in connection with the Plan or its implementation, including disputes arising under agreements, documents or instruments executed in connection with this Plan.

I.     To construe and to take any action to enforce the Plan and issue such orders as may be necessary for the implementation, execution and consummation of the Plan.

J.     To take any action to resolve any disputes or objections arising out of or relating to any Claim; to hear and determine other issues presented by or arising under the Plan; and to take any action to resolve any disputes or objections of Creditors with respect to their Claims.

K.     To determine such other matters and for such other purposes as may be provided in the Confirmation Order and Plan.

L.     To hear and determine issues relating to, and issue any necessary orders with respect to, any governmental or regulatory agency or instrumentality.

M.     To hear and determine applications for orders sought pursuant to any provision of the Plan.

N.     To hear and determine any other matters not inconsistent with Chapter 11 of the Bankruptcy Code.

O.     To hear and determine any application or motion by the Reorganized Debtor to sell any Asset pursuant to Bankruptcy Code § 363 if requested.

## ARTICLE X

## <u>MISCELLANEOUS PROVISIONS OF THE PLAN</u>

10.1    **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights, duties and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New Jersey, without giving effect to conflicts of law principles.

10.2    **Headings.** The headings of the articles, paragraphs and sections of this Plan are inserted for convenience only and shall not affect the interpretation hereof.

10.3    **Severability.** After the Effective Date, should the Bankruptcy Court, or any other court of competent jurisdiction, determine that any provision in the Plan is either illegal on its face or illegal as applied to any Claim, such provisions shall be unenforceable either as to all Holders of Claims or as to the Holder of such Claim as to which the provision is illegal, respectively. Such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

10.4    **Revocation.** The Debtor reserves the right to revoke and withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws this Plan, then the Plan shall be null and void and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor, or be deemed an admission by the Debtor.

10.5    **The Failure to Satisfy a Confirmation Condition or an Effective Date Condition**. If one or more of the conditions to Confirmation or to the occurrence of the Effective Date that has not been waived by the Debtor are not satisfied, and the time within which such condition must be satisfied has expired, the Plan shall be deemed null and void, and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor or be deemed an admission by the Debtor.

10.6    **Construction.** The rules of construction as set forth in § 102 of the Bankruptcy Code

shall apply to the construction of the Plan.

10.7 **Amendments.** Except as otherwise provided herein, the Plan may be amended, modified or supplemented by the Debtor or the Reorganized Debtor, as the case may be, before or after the Confirmation Date, in the manner provided for by § 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to § 1125 of the Bankruptcy Code, except as the Bankruptcy Court may otherwise order.  The Plan may be amended, modified or supplemented by the Reorganized Debtor after the entry of the Confirmation Order as permitted by §1127 of the Bankruptcy Code and applicable law by the filing of a motion on notice to the Bankruptcy Rule 2004 service list only.

10.8 **No Interest.** Except as expressly stated in this Plan, or allowed by Final Order of the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the Petition Date.

10.9 **Confirmation Over Objection.** If any Impaired Class of Creditors shall fail to accept the Plan, the Debtor reserve the right to request that the Bankruptcy Court confirm the Plan in accordance with the applicable provisions of § 1129(b) of the Bankruptcy Code.

10.10 **Notices**. All notices, requests or demands for payments provided for in the Plan shall be in writing and shall be deemed to have been given when personally delivered by hand or deposited in any general or branch post office of the United States Postal Service. Notices, requests and demands for payments shall be addressed and sent postage pre-paid or delivered to the following:

To The Debtor and the Reorganized Debtor:

Work 'N Gear, LLC
10 Forbes Road, Suite 300
West Braintree, MA 02184
Attention:  Larry Nusbaum

With a copy to:

A.Y. Strauss LLC
290 W. Mount Pleasant Ave. Suite 3260
Livingston, New Jersey 07039
Attention: Eric H. Horn, Esq.

10.11   **Plan Controls Disclosure Statement.**  In the event and to the extent that any provision of the Plan is inconsistent with any provision of the Disclosure Statement, the provisions of the Plan shall control and take precedence.

10.12   **Filing of Additional Documents.**  On or before substantial consummation of the Plan, the Debtor may file with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

10.13   **Reservation of Rights.**  If the Plan is not confirmed by the Bankruptcy Court or any other Court of competent jurisdiction for any reason, the rights of the Debtor and all parties in interest in the Debtor's Bankruptcy Case shall and will be reserved in full.  Statements and provisions made in the Plan or in the Disclosure Statement are made only for the purpose(s) of the Plan.  If the Plan is withdrawn, the Confirmation Order is not entered, or if the Effective Date does not occur, no Person shall be bound by or deemed prejudiced by any such statement or provision.

10.14   **Direction to a Party.**  From and after the Effective Date, the Reorganized Debtor may apply to the Bankruptcy Court for the entry of an order directing any Person to execute or deliver or to join in the execution or delivery of any instrument or document reasonably necessary or reasonably appropriate to effect a transfer of properties dealt with by this Plan, and to perform any other act (including the satisfaction of any lien or security interest) that is reasonably necessary or reasonably appropriate for the consummation of the Plan.

10.15   **Successors and Assigns.**  The rights, duties and obligations of any Person named or referred to in this Plan, including all Creditors, shall be binding on, and shall inure to the benefit of, the successors and assigns of such Person.

10.16   **Compliance with Tax Requirements.**  In connection with this Plan, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by Federal, State, local or foreign taxing authorities.  Under § 1146(a) of the Bankruptcy Code and applicable New Jersey State law, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan, and specifically the transfer and ultimate sale of the Debtor Real Estate shall not be taxed under any law imposing a stamp tax or similar tax.

10.17  **Waiver of Subordination.**  Notwithstanding any provision of the Plan to the contrary, all holders of Claims shall be deemed to have waived any and all contractual subordination rights to which they may have with respect to the distributions made pursuant to the Plan, and the Confirmation Order shall permanently enjoin, effective as of the Effective Date, all holders of Claims from enforcing or attempting to enforce any such rights against any person receiving distributions under the Plan.

10.18  **Post-Effective Date Professional Fees.**  Any Professional fees and expenses incurred by the Debtor, the Reorganized Debtor and/or the Committee's Professionals after the Effective Date shall be paid by the Reorganized Debtor in the ordinary course of their business on a monthly basis without any requirement to file fee applications; however, if any such fees or expenses are disputed and not resolved by the parties within a reasonable time, the Bankruptcy Court shall retain jurisdiction to resolve such dispute.

10.19  **Administrative Bar Date.**

> **Upon Confirmation of this Plan, this Plan shall and does hereby establish an Administrative Claims bar date or last date for filing Administrative Claims, *exclusive of* Professional Fee Claims (which are addressed in Article II, Section B. 1. b of this Plan).  This Administrative Claim bar date shall be thirty (30) days after the Effective Date.  Such Administrative Claims must be filed with the Clerk of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, with a copy sent to counsel for the Reorganized Debtor.  The failure to timely file such an Administrative Claim shall bar the Administrative Claim from being paid.**

> **The Administrative Claims bar date set forth in this section of the Plan does not apply to any 20 Day Administrative Claim. The 20 Day Administrative Bar Date controls those claims.**

> **The Debtor and Reorganized Debtor shall retain the right to object, dispute, or assert setoffs or defenses against, any Administrative Claim or 20 Day Administrative Claim, including but not limited to challenging the nature, validity, liability, amount, or classification of any such claim.**

*[remainder of page intentionally left blank]*

## <u>SIGNATURE</u>

Dated:  November 12, 2025

**WORK 'N GEAR, LLC**

By:  _____*/s/ Larry Nusbaum*_____
     Name:  Larry Nusbaum
     Title:  President

**Exhibit A to Plan**

**[Assumption Schedule]**

**TO BE PROVIDED**