<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Brent I. Weisenberg, Esq.
Colleen M. Restel, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Tel: (973) 597-2500
Email: bweisenberg@lowenstein.com
Email: crestel@lowenstein.com

-and-

Jeffrey L. Cohen, Esq. (admitted *pro hac vice*)
Eric S. Chafetz, Esq.
Kelly E. Moynihan, Esq. (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: kmoynihan@lowenstein.com

*Counsel to the Official Committee of Unsecured Creditors*

</td></tr>
<tr><td>

In re:

Work 'N Gear, LLC,

                Debtor.

</td><td>

Chapter 11

Case No. 25-17472 (MEH)

Hearing Date: March 30, 2026 at 10:00 a.m. (ET)

</td></tr>
</table>

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## IN SUPPORT OF SALE OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 bankruptcy case (the "Chapter 11 Case") of the above-captioned debtor in possession

(the "Debtor"), by and through its undersigned counsel, hereby files this statement (the

"Statement") in support of the Debtor's *Motion Pursuant to 11 U.S.C. §§ 105(a), 363 and 365,*

*and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Approving Bidding*

*Procedures and Notice of the Auction Relating Thereto, (B) Scheduling Hearing to Consider Sale of Substantially all of the Debtor's Assets; (C) Approving Bid Protections and Expense Reimbursement; and (II) Entry of an Order (A) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Authorizing and Approving the Asset Purchase Agreement with Respect Thereto, (C) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases as Necessary in Connection with the Sale, and (D) Granting Related Relief* [Dkt. No. 185] (the "Sale Motion").[1]  In support of this Statement, the Committee respectfully states as follows:

## STATEMENT IN SUPPORT

1.      The Committee believes that the proposed sale transaction to an entity affiliated with Pergament Properties, Inc. (the "Purchaser") is in the best interest of the Debtor's estate, general unsecured creditors, and all stakeholders.

2.      The Debtor initially filed the Sale Motion for approval of the sale and Bidding Procedures on December 4, 2025.  Although the Committee has continued to support the Debtor in every effort to sell substantially all of its assets as a going concern (or otherwise) to the extent such a result proved to be in the best interest of all stakeholders, for months following the filing of the Sale Motion, none of the potential bidders prior to the Purchaser submitted actionable offers or were otherwise willing to proceed with their offers.  Meanwhile, the Debtor's estate continues to incur unpaid postpetition administrative expenses.

3.      Over the course of several weeks, the Committee worked diligently with the Purchaser and the Debtor to bolster and improve multiple iterations of Purchaser's offer, ultimately

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

leading to the Purchaser's best and final offer, which the Committee believes is in the best interest of the Debtor's estate and all stakeholders.

4.      The sale to Purchaser will provide material benefits to the estate, including:

- Funding the estate with $450,000 of upfront cash, with the possibility for additional recoveries;
- Preserving the Debtor's brand;
- Reducing administrative expenses by assuming over $250,000 of unpaid administrative rent liabilities the Debtor accrued for the months of January and February 2026 with respect to ten (10) leases;
- Preserving and providing jobs with respect to retail, warehouse, and management positions for the reopened store locations;
- Providing a go-forward business partner/tenant for vendors and landlords; and
- Waiving non-insider preferences.

5.      As a result of these direct and material benefits to the estate, the Committee supports approval of the sale to the Purchaser.

## **RESERVATION OF RIGHTS**

6.      The Committee reserves all rights with respect to the sale and the final form of the asset purchase agreement and proposed sale order.  As the Committee has not had an opportunity to review the proposed sale order, the Committee specifically reserves all rights to object to any terms therein or the proposed use of sale proceeds. The Committee also reserves all rights with respect to the Sale Motion, including the right to supplement or amend this Statement and raise any objections at or before the hearing on the Sale Motion.

Dated: March 27, 2026 | **LOWENSTEIN SANDLER LLP**

/s/ *Colleen M. Restel*
Brent I. Weisenberg, Esq.
Colleen M. Restel, Esq.
One Lowenstein Drive

Roseland, NJ 07068
Tel: (973) 597-2500
Email: bweisenberg@lowenstein.com
Email: crestel@lowenstein.com

-and-

Jeffrey L. Cohen, Esq. (admitted *pro hac vice*)
Eric S. Chafetz, Esq.
Kelly E. Moynihan, Esq. (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: kmoynihan@lowenstein.com

*Counsel to the Official Committee of Unsecured Creditors*