**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

**Order Filed on March 30, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>Work 'N Gear, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-17472 (MEH) |

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF THE
DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, CHARGES,
ENCUMBRANCES, AND INTERESTS, AND (B) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby **ORDERED**.

**DATED: March 30, 2026**

_____
Honorable Mark E. Hall
United States Bankruptcy Judge

Case No.:  25-17472 (MEH)
Caption:   *Order Approving, Among Other Things, Sale of Assets*

_____

Upon the Debtor's *Motion Pursuant to 11 U.S.C. §§ 105(a), 363 and 365, and Bankruptcy Rules 202, 6004 and 6006 for (I) Entry of an Order (A) Approving Bidding Procedures and Notice of the Auction Relating Thereto, (B) Scheduling Hearing to Consider Sale of Substantially all of the Debtor's Assets, and (II) Entry of an Order (A) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Authorizing and Approving the Asset Purchase Agreement with Respect Thereto, (C) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases as Necessary in Connection With the Sale, and (D) Granting Related Relief* [Docket No. 185] (the "**Motion**"); and upon the Declaration of Larry Nusbaum in Support of the Motion and Sale to WNG Retail LLC (the "**Buyer**") [Docket No. 286] (the "**Nusbaum Declaration**") and the Court having determined that the sale to the Buyer (the "**Sale**") in the best interests of the Debtor, its estate, and creditors; and the Court having considered the Motion, the Nusbaum Declaration, Consumer Privacy Ombudsman report dated March 27, 2026, 2026 (the "**CPO Report**"), and any testimony or offer of proof as to testimony that may have been presented at the hearing and any other responses and objections to the Motion been withdrawn, resolved, or overruled by this Order; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

**FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of

Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

law constitute findings of fact, they are adopted as such.

B.      The Court has jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. Sections 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

C.      The Court has considered the Sale of the following assets (collectively, the "***Assets***") to the Buyer:

> (i)    <u>Inventory</u>. All remaining inventory (the "***Inventory***") of the Debtor wherever located, including all remaining merchandise currently held at 101 Railroad Ave., Suite 2, Ridgefield, New Jersey 07657;

> (ii)   <u>Intellectual Property and Preference Actions</u>. All of the Debtor's right, title, and interest in and to: (a) all intellectual property and related intangible assets of the Debtor, including, without limitation, all trademarks, trade names (including the "Work 'N Gear" name and mark), service marks, logos, domain names, social media accounts, customer lists (to the extent transferable under applicable privacy law), proprietary designs, and all goodwill associated therewith (the "***IP Assets***"); and (b) all non-insider preference actions arising under Section 547 of the Bankruptcy Code (the "***Non-Insider Preference Actions***").

D.      The Court has considered the following amount of consideration (the

3

Debtor:   Work 'N Gear, LLC
Case No.:   25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

"***Consideration***") to be received by the Buyer for the Assets:

> (i)    <u>Inventory</u>. $801,566.30 consisting of: (i) the Buyer's assumption of certain landlord administrative claim obligations in an aggregate amount not to exceed $251,566.30 (the "***Landlord Administrative Claims***"); (ii) a cash payment to the Debtor in the amount of $400,000.00 (iii) a contingent earnout payment of up to $150,000.00, payable solely from realized sales of the Inventory (the "***Contingent Earnout***");[1]

> (ii)    <u>IP Assets and Preference Assets</u>. $50,000.00 in cash;

> (iii)    <u>Non-Monetary Consideration</u>.

>> a.    <u>Job Preservation and Creation</u>. The Buyer anticipates hiring for retail, warehouse, and management positions in connection with reopened locations, providing employment opportunities for former employees of the Debtor and members of the local communities where stores will operate.

>> b.    <u>Brand Continuity</u>. Buyer's acquisition of the IP Assets preserves a recognized regional brand in the workwear sector, maintaining continuity for the customer base and the supplier relationships associated with the brand.

---

[1] Net of actual returns, third-party credit card processing fees, and outbound shipping costs actually received by Buyer from the sale of the Inventory to end customers.

Debtor:   Work 'N Gear, LLC
Case No.:   25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

c.   <u>Landlord Relationships</u>. Several former landlords of the Debtor face vacancy and carrying costs following store closures. The Buyer's interest in negotiating new leases at select locations provides a potential path to re-tenanting for those landlords.

E.      In connection with the Sale, the Court is relying on the Buyer's representations (i) that it intends to buy the Assets to operate brick and mortar locations and sell the Assets for retail purposes and not for the purpose of liquidation, (ii) that it will waive and not pursue the Non-Insider Preference Actions, and (iii) that it will agree to adhere to the recommendations set forth in the CPO Report, including but not limited to representing that Purchaser is a Qualified Buyer. A "Qualified Buyer" means an entity that: (i) concentrates in the same business and market as Debtor; (ii) expressly agrees to be Debtor's successor-in-interest as to the customer information; (iii) agrees to be responsible for any violation of that policy following the date of purchase; and (iv) shall not disclose, sell, or transfer customers' Personally Identifiable Information to any third party in a manner inconsistent with Debtor's Privacy Policy.

F.      The Court finds that the record establishes that there are good, valid and sound business purposes for the sale of the Assets.

G.      The Consideration to be paid by the Buyer for the Assets is fair and reasonable and in the best interests of the Debtor, its estate and its creditors under the circumstances of this Chapter 11 case.

H.      The Debtor and the Buyer have acted in good faith and in accordance with applicable law. The Buyer is not an "insider" or otherwise an "affiliate" of the Debtor (as such

Debtor: Work 'N Gear, LLC
Case No.: 25-17472 (MEH)
Caption: *Order Approving Sale of Assets*

_____

terms are defined in section 101 of the Bankruptcy Code). The Buyer is a buyer in good faith, as

that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the full

protections of section 363(m) of the Bankruptcy Code with respect to the purchase of the

Debtor's Assets. The Buyer is entitled to all the protections and immunities of § 363(m) of the

Bankruptcy Code.

I. The Debtor has full authority and power to consummate the Sale and to execute

any and all related documents.

J. The Debtor shall sell the Assets free and clear of all liens, claims, charges,

encumbrances, and interests against the Debtor, its estate or any of the Assets, including but not

limited to any lien, claim, charge, encumbrance or interest for taxes in respect of the Assets for

years prior to the closing (the "*Closing*") of the Sale to Buyer. Except for the Landlord

Administrative Claims to be paid by the Buyer, the Buyer is not assuming any other liabilities or

obligations of the Debtor.

K. In the absence of a stay pending appeal, the Buyer will be acting in good faith

pursuant to section 363(m) of the Bankruptcy Code in Closing the on the Sale of the Assets, and

cause has been shown as to why this order should not be subject to the stay provided by Bankruptcy

Rule 6004(g) and 6006(d).

L. The transfer of the Assets to Buyer will be a legal, valid and effective transfer of

the Assets and, shall vest Buyer with all right, title and interest of the Debtor to the Assets free and

clear of all liens, claims, and encumbrances against the Assets.

**IT IS HEREBY ORDERED AS FOLLOWS**:

Debtor:   Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:  *Order Approving Sale of Assets*

_____

1.  The Motion and the Sale of the Assets to the Buyer are hereby granted to the extent provided herein.

2.  The Debtor is authorized and directed to sell, or cause to be sold, the Assets to the Buyer, without further application to or order of this Court.  The Debtor is further authorized and directed to take such steps and to execute such documents as are reasonably necessary to give effect to the Sale of the Assets to Buyer, and to provide (i) such other and further documents, assurances and powers of attorney as may reasonably be required by the Buyer to consummate the sale and to assure the transfer of record of all purchased Assets, including Non-Insider Preference Actions, to the Buyer; (2) to provide such written authorizations, confirmations, and consents as may reasonably be required by any persons or entities that maintain records of ownership of the IP assets including, but not limited to, federal and state agencies, domain name registrars and social media platforms, to cause the change of ownership of record of such Assets from Debtor to Buyer; and (iii) to provide such powers of attorney in favor of Buyer as may reasonably be requested by Buyer to obtain or facilitate necessary entries of record reflecting the change of ownership of the IP Assets from the Debtor to Buyer.

3.  The transfer of the Assets to the Buyer shall constitute a legal, valid and effective transfer.  Except as prohibited under applicable law, all title, right and interest in and to the Assets shall pass to the Buyer at Closing free and clear of all liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code), charges, interests, and encumbrances, including, but not limited to, any lien (statutory or otherwise), hypothecation, encumbrance, liability, security interest, interest, mortgage, pledge, restriction, charge, instrument, license, preference, priority,

Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

security agreement, easement, covenant, encroachment, option, right of recovery, tax (including

foreign, federal, state and local tax), governmental order, of any kind or nature (including (a) any

conditional sale or other title retention agreement and any lease having substantially the same

effect as any of the foregoing, (b) any assignment or deposit arrangement in the nature of a security

device, (c) any claim based on any theory that the Buyer is a successor, transferee or continuation

of the Debtor or the Debtor's business, or (d) any leasehold interest, license or other right, in favor

of a third party or the Debtor, to use any portion of the Assets, whether secured or unsecured,

choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or

unrecorded, contingent or non-contingent, material or non-material, known or unknown (other

than permitted exceptions) (referred to collectively, whether having arisen, been incurred or

accrued prepetition or postpetition, as the "***Liens and Claims***"), pursuant to Section 363(f) of the

Bankruptcy Code, with all such Liens and Claims upon the Assets to be unconditionally

and irrevocably released, discharged and terminated; *provided*, *however*, that all such Liens and

Claims shall attach to the proceeds of the Sale of the Assets with the same extent, validity and

priority as existed with respect to the Assets prior to Closing.

4.      The provisions of this Order authorizing the Sale of the Assets by the Debtor free

and clear of Liens and Claims to the extent hereinafter provided (with such Liens and Claims to

attach to the proceeds of the sale of the Assets), shall be self-executing, and neither the Debtor, the

Buyer nor any other party shall be required to execute or file releases, termination statements,

assignments, cancellations, consents or other instruments to effectuate, consummate and/or

implement the provisions hereof with respect to such Sale.

5.      The terms and provisions of this Order shall be binding in all respects upon the

Debtor, its estate, and any trustee thereof, all creditors and shareholders of the Debtor, and all

Debtor:   Work 'N Gear, LLC
Case No.:   25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

interested parties and their respective successors and assigns, including but not limited to, any creditor asserting a Lien or Claim on or against the Asse

6.      At Closing of the Sale, the Debtor shall set aside proceeds of the sale in the amount of $300,000 and shall have such funds placed in an escrow account (the "***Escrow Funds***"), pending resolution of amounts owing to the DIP Lender.

7.      At Closing of the Sale, the Debtor shall, from the proceeds of the Sale remaining after the Escrow Funds, pay the full amount of reasonable expenses incurred by the liquidator appointed pursuant to that certain *Order (I) Authorizing and Approving the Inventory Liquidation and Agency Agreement and (II) Authorizing the Debtor to Retain Lab3 LLC as Liquidator and Andrew Moser as Liquidation Agent, and (III) Granting Related Relief* [Docket No. 271], subject to review and agreement by the Official Committee of Unsecured Creditors appointed in the chapter 11 case (the "***Committee***") and any other party in interest, which agreement shall not be unreasonably withheld.

8.      Following Closing of the Sale, within the first three (3) business days of each month of inventory sales (each month, the "***Contingent Earnout Period***"), the Buyer shall provide to counsel to the Debtor and the Committee, and to the Chapter 7 trustee if appointed, monthly reporting and accounting of (a) the total Contingent Earnout paid to the Debtor during the preceding Contingent Earnout Period, and (b) the total realized proceeds actually received by Buyer from the sale of inventory to end customers in connection with the Contingent Earnout paid to the Debtor during the preceding Contingent Earnout Period (the "***Contingent Earnout Reporting***").  Contingent Earnout Reporting shall continue until the earlier of (i) all inventory purchased in the Sale, and (ii) the Contingent Earnout paid to Debtor totals $150,000.  Buyer shall remit Contingent Earnout proceeds to the Debtor within five (5) business days after the end of each

Debtor:   Work 'N Gear, LLC

Case No.:  25-17472 (MEH)

Caption:  *Order Approving Sale of Assets*

_____

Contingent Earnout Period.

9.      A certified copy of this Order may be filed with the appropriate clerk(s) and/or recorded with the appropriate recorder(s) to act to cancel the Liens and Claims and other encumbrances of record with respect to the Assets.

10.      This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale of the Assets to the Buyer.

11.      Any and all governmental recording offices and all other parties, persons or entities are authorized to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, and unencumbered, transfer of right, title and ownership in and to the Assets conveyed to the Buyer at Closing.

12.      With the exception of the obligation for payment of the Landlord Administrative Claims, the Buyer is not assuming nor shall it or any affiliate of the Buyer be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtor of any kind or nature.

13.      For the avoidance of doubt, the Buyer has purchased and waived the right to pursue all Non-Insider Preference Actions purchased in the Sale. Non-Insider Preference Actions may not

Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

be pursued by any party at any time.

14.    The consideration provided by the Buyer for the Assets purchased shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The sale of the Assets to the Buyer pursuant this Order is free from any fraudulent intent, purpose or desire on the part of the Buyer or the Debtor to escape liability for any obligations of the Debtor or for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code under the laws of the United States, any state, territory, possession, or the District of Columbia.

15.    The Buyer is hereby granted and is entitled to the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code. Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal shall not affect the validity of the transfer of the Assets, including Non-Insider Preference Actions, to the Buyer unless the transfer is stayed pending appeal prior to the Closing.

16.    The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization or liquidation or which may be entered converting the Debtor's case from Chapter 11 to Chapter 7 and shall be binding on any trustee or successor trustee.

17.    This Order shall be effective immediately upon entry pursuant to Rules 7062 and 9014 of the Federal Rules of Bankruptcy Procedure, and no automatic stay of execution, pursuant to Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedures, applies with respect to this Order.

18.    The Court shall retain jurisdiction over the Debtor, the Buyer, and all parties asserting Liens and Claims and contract rights on or in the Assets, to implement, interpret,

Debtor:    Work 'N Gear, LLC
Case No.:   25-17472 (MEH)
Caption:    *Order Approving Sale of Assets*

_____

consummate and/or effectuate the provisions of this Order.

19.    The provisions of this Order are non-severable and mutually dependent.

20.    Pursuant to sections 105(a) and 363 of the Bankruptcy Code, all Persons and Governmental Units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code) are hereby enjoined from taking any action against the Buyer or the Assets to recover any Claim which such Person or Governmental Unit has or may assert against the Debtor (as such Claims exist immediately prior to the Closing).

21.    The Buyer is not a "successor" to the Debtor or its bankruptcy estate by reason of any theory of law or equity, and the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for, any liability or obligation of any of the Debtor and/or its estate, including but not limited to any bulk sales law or similar liability.

22.    Pursuant to sections 105 and 363 of the Bankruptcy Code, all person and entities, including, but not limited to, all parties holding any Claims against the Debtor, its estates or its assets, the Debtor's employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, including such officials maintaining any authority relating to environmental, labor and health and safety laws, and their respective successors or assigns, are hereby permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind or the employment of any process or any act to collect, offset or recover any Claim against the Buyer, or that seeks to impose liability upon the Buyer or any affiliate, successor or assign thereof, or against the Assets, under the laws of the United States, any stare, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor to transferee liability or any liability

Debtor:    Work 'N Gear, LLC
Case No.:  25-17472 (MEH)
Caption:   *Order Approving Sale of Assets*

_____

for pre- or postpetition Claims against any of the Debtor by reason of the transfer of the Assets to the Buyer, including, without limitation, pre- and postpetition Claims any federal, state or local governmental entities, of any current or former employee for claims arising out of employment and termination of employment, including, without limitation, claims for wages, bonuses, commissions, accrued vacation, severance, continuation of coverage under COBRA, or pension, welfare, fringe benefits or any other benefits of any kind including, without limitation, obligations in respect of retiree medical coverage or benefits.