**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*

**HOLLAND & KNIGHT LLP**
Barbra R. Parlin, Esq. (NJ Bar No. 008211995)
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
barbra.parlin@hklaw.com

Lynne B. Xerras (*pro hac vice forthcoming*)
10 St. James Avenue
Boston, Massachusetts 02116
Tel.: (617) 523-2700
Fax: (617) 523-6850
lynne.xerras@hklaw.com

*Counsel for HEG 436 South Broadway LLC*

|  |  |
|---|---|
| In re:<br><br>WORK 'N GEAR, LLC,<br><br><div align="right">Debtor.</div> | Chapter 11<br><br>Case No.: 25-17472 (MEH)<br><br>Hearing Date: April 21, 2026 at 10:00 a.m. (ET)<br>Objections Due: April 14, 2026 |

### NOTICE OF MOTION OF HEG 436 SOUTH BROADWAY LLC TO COMPEL THE IMMEDIATE PAYMENT OF DEBTOR'S POST-PETITION LEASE OBLIGATIONS

**PLEASE TAKE NOTICE** that a hearing on HEG 436 South Broadway LLC's ("Movant") *Motion to Compel the Immediate Payment of Debtor's Post-Petition Lease Obligations* (the "Motion") will be held on April 21, 2026 at 10:00 a.m. (prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Judge Mark E. Hall, United States Bankruptcy Judge, United States Bankruptcy Court, 402 East State Street, Trenton, New Jersey 08609, Courtroom 2.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Objections, if any, to the relief requested in the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed and served at least seven (7) days before the return date of this Motion. All such responsive papers must be filed with the Clerk of the United States Bankruptcy Court and served on counsel for the Movant, Holland and Knight LLP, Attn: Lynne B. Xerras, Esquire, 10 St. James Avenue, Suite 1200 Boston, Massachusetts 02116; and any other parties required to receive notice.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Movant.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*

**HOLLAND & KNIGHT LLP**
Barbra R. Parlin, Esq. (NJ Bar No. 008211995)
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
barbra.parlin@hklaw.com

Lynne B. Xerras (*pro hac vice forthcoming*)
10 St. James Avenue
Boston, Massachusetts 02116
Tel.: (617) 523-2700
Fax: (617) 523-6850
lynne.xerras@hklaw.com

*Counsel for HEG 436 South Broadway LLC*

| | |
|---|---|
| In re:<br><br>WORK 'N GEAR, LLC,<br><br><div align="right">Debtor.</div> | Chapter 11<br><br>Case No.: 25-17472 (MEH)<br><br>Hearing Date: April 21, 2026 at 10:00 a.m. (ET)<br>Objections Due: April 14, 2026 |

### MOTION OF HEG 436 SOUTH BROADWAY LLC TO COMPEL THE IMMEDIATE PAYMENT OF DEBTOR'S POST-PETITION LEASE OBLIGATIONS

HEG 436 South Broadway LLC (the "Landlord"), by and through its undersigned counsel, respectfully moves for entry of an order, substantially in the form attached hereto as **Exhibit A**, (the "Proposed Order"), compelling debtor Work 'N Gear, LLC (the "Debtor") to immediately pay those obligations that have accrued during the post-petition, pre-rejection period under a commercial lease entered into by and between the Landlord and Debtor on or about April 2013, as amended (the "Lease", discussed below) pertaining to property owned by the Landlord located at 436 South Broadway, Salem, New Hampshire (the "Premises"), that remain outstanding despite

effort of Landlord to obtain payment without need to resort to Court intervention, as is required pursuant to the Lease and 11 U.S.C. §§ 365(d)(3). In support of the Motion, Landlord states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have constitutional authority to enter a final order or a judgment in this matter, Landlord consents to entry of a final order or judgment.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 365(d)(3) and 503(b)(1).

## BACKGROUND

1.      On July 16, 2025 (the "Petition Date"), the Debtor commenced this chapter 11 case by (the "Chapter 11 Case") filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2.      No trustee or examiner has been appointed, and the Debtor continues to operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      As of the Petition Date, Landlord was the lessor of Premises located at 436 South Broadway, Salem, New Hampshire, leased to the Debtor under that certain Lease Agreement dated April 2013, as amended by that certain First Amendment of Lease dated July 2014, as further

amended by that certain Second Amendment of Lease dated April 27, 2020, and as further amended by that certain Third Amendment to Lease dated May 1, 2025 (collectively, the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit B**.

4.    Under the Lease, the Tenant was required to pay Landlord base rent on the first calendar day of each month without setoff or demand in the amount of $6,995.83 (the "Base Rent"). *See* Lease § 5, Ex. B; Third Amendment § 4, Ex. B.

5.    The Lease also requires the Tenant to pay its proportionate share of, among other things, real estate taxes ("Taxes") and costs incurred in connection with the ownership, operation, management and maintenance of the Premises ("CAM" and, together with Taxes, the "Additional Rent," and, collectively with Base Rent and Taxes, "Rent"). *See* Lease § 6, Ex. B.

6.    The Lease was rejected pursuant to the *Second Omnibus Order, Pursuant to Sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Authorizing the Debtor to Reject Certain Unexpired Leases of Nonresidential Real Property and Abandon Personal Property, Effective as of the Rejection Date* docketed on January 15, 2026, (Dkt. No. 245) (the "Rejection Order"), effective as of January 15, 2026 (the "Rejection Date").

7.    The Debtor vacated the Premises shortly after the Rejection Date, but has not paid all of the Rent that has accrued during the post-petition, pre-Rejection Date period ("Post-Petition Period") in amounts invoiced to the Debtor; specifically, the Debtor has failed to pay (timely or otherwise) Base Rent for the months of November, 2025 and January, 2026, as well as Additional Rent from the Petition Date through the Rejection Date.  The total amount owing under the Lease for the Post-Petition Period is **$20,022.14** ("Post-Petition Charges"), calculated as follows:[1]

---

[1] On October 30, 2025, Landlord filed Proof of Claim No. 62 (the "POC") asserting prepetition obligations under the Lease in the amount of $17,096.56, exclusive of attorneys' fees and costs that Landlord continues to incur.  The Post-Petition Charges are separate and apart from the amounts owing, as described in the POC.

| Category | Amount |
|---|---|
| August 2025 Additional Rent[2] | $1,005.08 |
| September 2025 Additional Rent | $1,005.08 |
| October 2025 Additional Rent | $1,005.08 |
| November 2025 Base Rent | $6,995.83 |
| November 2025 Additional Rent | $1,005.08 |
| December 2025 Additional Rent | $1,005.08 |
| January 2026 Base Rent | $6,995.83 |
| January 2026 Additional Rent | $1,005.08 |
| Total | $20,022.14 |

8.      True and correct copies of Landlord's invoices reflecting the foregoing are attached hereto as **Exhibit C**.

9.      The Post-Petition Charges remain outstanding despite counsel to the Landlord having requested payment from counsel to the Debtor on several occasions in an effort to proceed efficiently. Since it is undisputed that these amounts must be *timely* "performed" or paid in full pursuant to Section 365(d)(3) as accruing prior to the Rejection Date yet still remain due and owing and also apparent that the Debtor's limited amount of estate assets are depleted with each passing week, including in connection with professional fees, the Landlord requests the Court's assistance in compelling the Debtor to meet its contractual and statutory obligations to the Landlord.

**BASIS FOR RELIEF**

10.      Pursuant to section 365(d)(3) of the Bankruptcy Code, a debtor-in-possession must "timely perform all post-petition obligations" under an unexpired lease of nonresidential real property until such lease is assumed or rejected, here until January 15, 2026. 11 U.S.C. § 365(d)(3). The Third Circuit has held that the "clear and express intent of § 365(d)(3) is to require the [debtor]

---

[2] Landlord is not seeking to compel payment of "stub-rent" through this Motion.

to perform the lease in accordance with its terms" including rent, CAM, taxes, and other charges arising under the applicable lease. *See In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001); *In re Valley Media, Inc.*, 290 B.R. 73 (Bankr. D. Del. 2003); *In re Appliance Store, Inc.*, 148 B.R. 234 (Bankr. W.D. Pa. 1992). The express language of Section 365(d)(3) imposes an affirmative duty upon a debtor to comply with all of its obligations under a written lease - not just base rent charges. *See In re New Almacs, Inc.*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *see also In re C.A.F. Bindery, Inc.*, 199 B.R. 828 (Bankr. S.D.N.Y. 1996).

11.    The requirement to pay post-petition rent is automatic with landlords not bearing the evidentiary burden of proving that such amounts constitute "actual necessary costs and expenses of preserving the estate" as is required for the payment of an administrative claim under section 503(b)(1) of the Bankruptcy Code. *See In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 817 (3d Cir. 2010) (Section "365(d)(3) is best understood as an exception to the general procedures of § 503(b)(1) that ordinarily apply."). Indeed, section 365(d)(3) was designed to protect commercial landlords by ensuring that post-petition rent is paid without the need for landlord action. *See In re Montgomery Ward Holding Corp.*, 268 F.3d at 208-09, 211 ("Congress intended that the debtor in possession perform all the obligations . . . at the time required in the lease."). Section 365(d)(3) requiring "timely performance" places "**payment of rent before the payment of administrative expenses**. That is true even where the bankruptcy estate is administratively insolvent. Congress has spoken clearly." *See, e.g. In re Hitz Rest. Grp.*, 616 B.R. 374, 376 (Bankr. N.D. Ill. 2020) (emphasis added); *HA-LO Indus., Inc. v. CenterPoint Props. Tr.*, 342 F.3d 794, 798 (7th Cir. 2003).

12.    As Rent accrues, though, the Debtor continues to pay other administrative expenses, including professional fees, ahead of what has become contractually and statutorily due

7

to Landlord.[3] Through this Motion, therefore, the Landlord seeks to compel the payment of Rent due and payable before the Debtor's funds are exhausted.

### WAIVER OF MEMORANDUM OF LAW

13.     Landlord respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), as the legal authority supporting the requested relief is set forth herein, and the Motion raises no novel issues of law.

WHEREFORE, Landlord respectfully requests that the Court enter the proposed order attached as Exhibit A: (i) directing the Debtor to pay the Post-Petition Charges of $20,022.14 within seven days of entry of this Order in satisfaction of the Post-Petition Charges; and (ii) granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

---

[3] Separately, a commercial lessor is entitled to seek an administrative priority claim under section 503(b)(1) for the fair rental value of its property actually used by the debtor post-petition when a debtor fails to provide the required timely performance or otherwise benefits from use of the leased space during the pendency of a bankruptcy case – here, the Landlord seeks relief pursuant to Section 365(d)(3) although it should be undisputed that the Debtor benefited from use of the Premises to conduct its operations during the Post-Petition Period. *See In re Einstein Moomjy, Inc.*, No. 11-34723 NLW, 2012 WL 2884943, at *8 (Bankr. D.N.J. July 13, 2012) (citing *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990)); *see also In re ZB Co., Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003).

Dated:  March 31, 2026

Respectfully Submitted,

/s/  *Barbra R. Parlin*

Barbra R. Parlin, Esq. (Bar No. 008211995)
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
barbra.parlin@hklaw.com

and

Lynne B. Xerras, Esq.[4]
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
Tel.: (617) 523-2700
Fax: (617) 523-6850
Email:  lynne.xerras@hklaw.com

*Counsel for HEG 436 South Broadway LLC*

---

[4] Pro hac admission will be requested.

9