

290 West Mount Pleasant Avenue, Suite 3260 | 535 Fifth Avenue, 4th Floor
Livingston, NJ 07039 | New York, NY 10017
(973) 287-0966 | (646) 374-0255

Eric H. Horn
Partner
O 973 287 5006
M 201 562 2095
ehorn@aystrauss.com

March 31, 2026

**<u>Via Electronic Filing</u>**

Hon. Mark E. Hall
U.S. Bankruptcy Court, DNJ
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

     Re:    *In re Work 'N Gear LLC*
             <u>Case No. 25-17472 (MEH)</u>

Dear Judge Hall:

This firm is counsel to the above-referenced debtor and debtor in possession (the "***Debtor***"). We write this letter in response to the *Motion of Federal Realty OP LP for Entry of Compelling Debtor to Pay Post-Petition Rent* (the "***Motion***") [Docket No. 279].

### <u>DISPUTED AMOUNT</u>

The Debtor disputes the amounts asserted in the Motion. Federal Realty OP LP (the "***Landlord***") claims $85,050.78 in outstanding post-petition rent and a total Administrative Claim of $97,965.92. Based on the Debtor's books and records, the correct amount of post-petition obligations owed under the Lease is $36,814.00. The Debtor is willing to allow the Landlord an administrative expense claim in the amount of $36,814.00, or such other amount as the parties may agree upon or the Court may order.



Relationships
First.



### TIMING OF PAYMENT

The Debtor does not dispute that the Landlord holds an allowed administrative expense claim for post-petition lease obligations. However, the Debtor currently lacks sufficient liquidity to make an immediate cash payment. The timing of payment of administrative expenses is within the Court's discretion. *See, e.g., In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (internal citations omitted).  Court's often apply a three-factor test for use in determining the appropriate timing of payment of administrative expense claims: "(1) the prejudice to the debtor[], (2) the hardship to the claimant, and (3) potential detriment to other creditors." *In re UTEX Commc'ns Corp.*, 457 B.R. 549, 569 (Bankr. W.D. Tex. 2001) (internal citations omitted). "In most situations the courts prefer to postpone payment of the administrative claim until after confirmation of a plan or the distribution in a liquidation. However, once a claimant has requested payment, the court may exercise its discretion whether circumstances warrant immediate response." 2 NORTON BANKR. L. & PRAC. 2d § 42:14.  Here the Debtor simply does not have the cash.

A sale of the Debtor's assets, after payment of amounts set forth in the sale order [Docket No. 294] leaves the Debtor with no ability to make payment to the Landlord at the moment. The Debtor, does however, maintain valuable insider claims that ultimately may satisfy administrative expense obligations.  But, for the current moment, the Debtor lacks the ability to make those payments.

Turning to the *UTEX* factors, it cannot be disputed that the payment of the Landlord's administrative claim will not only prejudice the Debtor, but it will have a detrimental effect on creditors. Indeed, at this juncture, the Debtor does not know what the claims against insiders will net the estate and whether that amount would be sufficient to satisfy all administrative claimants. Allowing the immediate payment to the Landlord, besides not having the liquidity to do so, would hurt other similarly situated creditors. Thus, the Debtor believes that the factors simply do not support the immediate payment to the Landlord.

### CONCLUSION

The Debtor respectfully requests that the Court: (i) deny the Motion to the extent it seeks immediate payment of amounts in excess of $36,814.00, or such other amount as agreed or ordered; and (ii) defer ruling on the timing of payment pending resolution of the amount dispute; and (iii) deny the request for attorneys' fees without prejudice to renewal upon proper documentation.





Please have a member of Your Honor's staff contact the undersigned should there be any questions.
Thank you for the Court's time and attention to this matter.

Respectfully submitted,

*s/ Eric H. Horn*

Eric H. Horn

cc:     counsel to Federal Realty
        *via email and ECF*



3