UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**MONTGOMERY MCCRACKEN WALKER
 & RHOADS LLP (a PA LLP)**
Richard G. Placey, Esq.
LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
856-488-7700 (Telephone)
856-488-7720 (Facsimile)
rplacey@mmwr.com

*Attorneys for LAB3 LLC and Andrew Moser*

| | |
|---|---|
| In Re: | Case No. 25-17472 (MEH) |
| WORK 'N GEAR, LLC, | Chapter 11 |
| Debtor. | **Hearing Date:  April 28, 2026, at 10 am**<br><br>**Objection Deadline:  April 21, 2026** |

### MOTION OF LAB3 LLC AND ANDREW MOSER TO COMPEL IMMEDIATE PAYMENT OF FEES AND EXPENSES DUE PURSUANT TO THE COURT-APPROVED INVENTORY LIQUIDATION AND AGENCY AGREEMENT (DOC 252)

LAB3 LLC ("LAB3") and Andrew Moser (collectively the "Liquidator and Liquidation Agent") hereby move for an order compelling the Debtor to make immediate payment of fees and expenses due pursuant to the Court-Approved Inventory Liquidation and Agency Agreement (Doc 252).

The grounds for this motion are as follows and as set forth in the accompanying declarations of Andrew Moser.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the February 25, 2026 Order (I) Authorizing and Approving the Inventory Liquidation

7223539.1

and Agency Agreement and (II) Authorizing the Debtor to Retain LAB3 LLC and Andrew Moser

as Liquidation Agent, and (III) Granting Related Relief (Doc. 271) (the "Authorization Order").

*See, e.g.,* ¶ 30.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2). This Court has the

authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not

have constitutional authority to enter a final order or a judgment in this matter, the Liquidator and

Liquidation Agent consent to entry of a final order or judgment.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The predicates for the relief requested herein are 11 U.S.C. § 503(b)(1), the

Authorization Order, and the authorities recited therein, including 11 U.S.C. §§ 363 and 365.

### FACTUAL AND PROCEDURAL BACKGROUND

5.      On July 16, 2025 (the "Petition Date"), the Debtor commenced this chapter 11 case

by (the "Chapter 11 Case") filing a voluntary petition for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District

of New Jersey (the "Court").

6.      No trustee or examiner has been appointed, and the Debtor continues to operate its

business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

7.      On or about February 9, 2026, the Debtor filed the Motion of the Debtor for Entry

of an Order Pursuant to Section 363(b) of the Bankruptcy Code (I) Authorizing and Approving the

Inventory Liquidation and Agency Agreement and (II) Authorizing the Debtor to Retain LAB3

LLC and Andrew Moser as Liquidation Agent, and (III) Granting Related Relief (Doc 252).

8.      On February 25, 2026, the Court granted that motion and entered the Authorization

Order, a copy of which is Exhibit A to the Declaration of Andrew Moser in Support of LAB3

LLC's  Motion to Compel Immediate Payment of Fees and Expenses Due Pursuant to the Court-Approved Inventory Liquidation and Agency Agreement ("Moser LLC Declaration").

9.      The Inventory Liquidation and Agency Agreement approved pursuant to that motion is Exhibit B to the Moser LLC Declaration.

10.     The Authorization Order provides at paragraph 4 that:

> 4.      The Debtor is authorized to pay: (a) the Liquidator Fee, (b) the Liquidation Agent Fee (including the minimum fee component), and (c) documented reasonable expenses, all in accordance with the Liquidation Agreement, from property of the estate.

11.     Pursuant to that Liquidation Agreement, the Liquidator Fee is 7.5% of the Gross Proceeds, *Id.* ¶ 7.1, and the Liquidation Agent Fee is 2.5% of Gross Proceeds, with a $65,000 minimum.  *Id.* ¶ 7.2.  The Debtor is also required to pay the reasonable expenses incurred by the Liquidator and Liquidation Agent.  *Id.* ¶ 4.   Moser LLC Declaration ¶ 3.

12.     After entry of the Order approving the Liquidation Agreement, Debtor requested that LAB3 and Moser bid on the inventory and essentially used this bid as a stalking horse to secure the current agreement with Pergament Bid.

13.     Thus, even though the liquidation is ongoing, LAB3 is owed $41,250 in unpaid Liquidation Fees and $155,226.62 in unpaid expenses (a total of $208,514.62 in expenses have been incurred, of which $53,288.00 has been paid, leaving that unpaid amount). Attached to the Moser LLC Declaration as Exhibit C are the invoices from LAB3 for the fees and expenses to date. Moser LLC Declaration ¶ 4.

14.     The Debtor has not paid these amounts despite multiple efforts to obtain payment, and despite appreciative messages from a buyer that it was very impressed with LAB3's quick response and work. Attached as Exhibit D to the Moser LLC Declaration is a true and accurate copy of the SMS message from the liquidation buyer.  Moser LLC Declaration ¶ 6. Thus, not only

did Moser and Lab3 perform the services required, they did so quickly and efficiently for the benefit of Debtor.

15.     Despite Moser and Lab 3's excellent performance, the Debtor has not paid the Liquidation Agent's fee notwithstanding multiple efforts to obtain payment.  Declaration of Andrew Moser in Support of Andrew Moser's Motion to Compel Immediate Payment of Fees and Expenses Due Pursuant to the Court-Approved Inventory Liquidation and Agency Agreement, ¶ 4

16.     **Accordingly, the following amounts are due and unpaid:**

(a)     **Liquidator Fee (to date)**          **- $41, 250.00**

(b)     **Liquidator Expenses (to date)**     **- $155,226.62**

(c)     **Liquidation Agent Fee (to date)**   **- $65,000**

17.     The Debtor has provided no justification for withholding the payments to Moser and/or Lab3 and should now be compelled to make immediate payment of these amounts with interest.

18.     Both the Liquidator and Liquidation Agent may be owed additional fees as the liquidation continues and will seek such amounts as they become due.

### GROUNDS FOR RELIEF

19.     The above administrative expenses are due and payable pursuant to the Inventory Liquidation and Agency Agreement and Approval Order.

20.     Claims arising out of post-petition transactions, such as this one, are administrative expenses. *See., e.g., Devan v Simon DeBartolo Group LP (in re Merry-Go-Round Enterprises, Inc.)* 180 F.3d 149, 157 (4th Cir 1999).

21.     Here the claim is not just from a post-petition transaction but from one specifically approved by the Court as an actual and necessary expense of preserving the estate.

4

22.      Moreover, the Debtor continues to pay other administrative expenses while failing to pay the Liquidator and Liquidation Agent for its work.  However, it is the Liquidator's and Liquidation Agent's work that is generating funds for the Debtor, which is an additional reason that they are entitled to payment – and payment at or before the time other expenses are paid from the funds they generate.  *Cf. Brytus v Sprang & Co.,* 203 F.3d 238, 242 (3d Cir 2000) (the Supreme Court has consistently recognized that a litigant who generates a fund for others is entitled to attorneys' fees).

23.      Accordingly, the Debtor should be compelled to immediately pay the Liquidator its fees and expenses (of $196,476,62) and the Liquidation Agent its fees (of $65,000).

<u>**WAIVER OF MEMORANDUM OF LAW**</u>

24.      The Liquidator and Liquidation Agent respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), as the Motion raises no novel issues of law but rather involves issues that routinely come before this Court, and the legal authority supporting the requested relief is set forth in the motion itself.

**WHEREFORE,** Liquidator and Liquidation Agent respectfully request that the Court enter the proposed order: directing the Debtor to pay the Liquidator $196,476.62 and to pay the Liquidation Agent $65,000 within 7 days of the order plus any applicable interest that may be presently due and owing; and granting such other and further relief as the Court deems just and proper.

Dated: April 3, 2026               **MONTGOMERY McCRACKEN
                                                    WALKER & RHOADS, LLP (a PA LLP)**


                                     By:       /s/ RGPlacey
                                                     Richard G. Placey, Esq.