UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Rachel Wolf, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Rachel.wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
|  | : Case No. 25-17472 (MEH) |
| Work 'N Gear, LLC, | : |
|  | : Hearing Date: April 28, 2026 at 10:00 a.m. |
| Debtor. | : |
|  | : The Honorable Judge Mark E. Hall |
|  | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE UNITED STATES
TRUSTEE FOR AN ORDER CONVERTING THE CASE TO CHAPTER 7 OR, IN
THE ALTERNATIVE, DISMISSING THE CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "UST"), by and

through counsel, in furtherance of his duties and responsibilities, hereby files this Memorandum

of Law in Support of an Order Converting the Case to Chapter 7, or, in the Alternative, Dismissing

the Case Pursuant to 11 U.S.C. § 1112(b) (the "Motion") on the grounds that the Debtor has failed

to file monthly operating reports ("MORs") for the months of December 2025 to February 2026

and has not paid quarterly fees.

**FACTS**

The facts recited below are supported by the Certification of Angeliza Ortiz-Ng, Paralegal

Specialist, in Support of the Motion of the U.S. Trustee for an Order Converting the Case to

1

Chapter 7, or, in the Alternative, Dismissing the Case Pursuant to 11 U.S.C. § 1112(b) filed herewith.

1.      Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112(b).  This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"); H.R. REP. NO. 95-595, at 88 (1977), reprinted in 1977 U.S.C.C.A.N. 5787, 5963, 6049 ("Some of the supervisory functions removed from the judge will be transferred to a new system of United States Trustees who will act as bankruptcy watchdogs . . . .").

2.      On July 16, 2025, (the "Petition Date"), Work 'N Gear, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of title 11, United States Code (the "Bankruptcy Code").  *See* Doc. No. 1.

3.      Pursuant to 11 U.S.C. §§ 704(a)(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate administration and the operation of the debtor's post-petition business as prescribed by the UST Operating Guidelines and Reporting Requirements for Chapter 11 cases, which were distributed to the Debtor at the inception of the case.

4.      The Debtor has failed to comply with the UST Operating Guidelines and Reporting Requirements for Chapter 11 cases.  The Debtor has not filed MORs for the months of

December 2025 through February 2026.  *See* Certification of Angeliza Ortiz-Ng ("Ortiz-Ng

Certification"), ¶ 3.  The Debtor's failure to file separate, accurate, and current MORs hinders

the Court's, the United States Trustee's, and creditors' ability to monitor the Debtor's financial

affairs while in Chapter 11.  For example, in the absence of timely filed reports, it is impossible

to determine whether the Debtor is current with its post-petition obligations and has the ability to

confirm a feasible a plan of reorganization.

5.      The Debtor currently owes an estimated amount $79,070.70 in U.S. Trustee fees

for the Third and Fourth Quarters of 2025.  *See* Ortiz-Ng Certification, ⁋ 4.

## DISCUSSION

**A.      Cause Exists To Convert or Dismiss this Case.**

1.      11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the
> court shall convert a case under this chapter to a case under chapter
> 7 or dismiss a case under this chapter, whichever is in the best
> interests of creditors and the estate, for cause unless the court
> determines that the appointment under section 1104(a) of a trustee
> or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

2.      "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including:

> (F) unexcused failure to satisfy timely any filing or reporting
> requirement established by this title or by any rule applicable to a
> case under this chapter; and

> (K) failure to pay any fees or charges required under chapter 123 of
> title 28.

11 U.S.C. § 1112(b)(4).

3.      It is well settled that the list of factors constituting "cause" are not exhaustive.  The

legislative history for the statute provides in part, "[t]he court will be able to consider other factors,

and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977); *see also In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

**B.      The Debtor Failed to File Monthly Operating Reports.**

4.      Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1), 1107(a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's postpetition business as prescribed by the UST Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of its case.

5.      Here, the Debtor has not filed monthly operating reports for the months of December 2025 through February 2026.  *See* Ortiz-Ng Certification, at ¶ 3.  The March 2026 operating report will come due prior to the return date of this Motion.

6.      The Debtor's failure to file the monthly operating reports is grounds to dismiss or convert the case.  Therefore, cause exists to dismiss this case or convert this case to chapter 7, whichever is in the best interest of the Debtors and creditors pursuant to 11 U.S.C. § 1112(b)(4)(F).

**C.      Cause Exists to Convert This Case Based On Failure to Pay U.S. Trustee Fees.**

7.      The Debtor has failed to pay U.S. Trustee quarterly fees due through the Fourth Quarter of 2025 in the amount of $79,070.70.  *See* Ortiz-Ng Certification, ¶ 4.  The Debtor's failure in this regard constitutes a "failure to pay any fees or charges required under chapter 123 of title 28" pursuant to 11 U.S.C. § 112(b)(4)(K).  Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

**D.      Conversion or Dismissal**

8.      Once cause is established pursuant to section 1112(b)(1), the Court must

determine if conversion or dismissal is in the best interests of creditors and the estate.

9.      The U.S. Trustee submits that conversion would be in the best interest of creditors

and the estate to allow a trustee to determine if the Debtor's assets have value beneficial to

unsecured creditors.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this

Court enter an order converting this case to Chapter 7, or in the alternative, dismissing this case,

and that this Court grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 and 9

By: _/s/ Rachel Wolf_
        Rachel Wolf
DATED:  April 6, 2026                Trial Attorney